209 So.2d 475 (1968)
Daniel A. SMAGLICK and Inez M. Smaglick, Appellants,
v.
JERSEY INSURANCE COMPANY OF NEW YORK, Appellee.
No. 1422.
District Court of Appeal of Florida. Fourth District.
April 23, 1968.
Rehearing Denied May 15, 1968.
*476 Joe N. Unger and Thomas J. Gaine, Miami, for appellants.
Earle W. Peterson, Jr., of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellee.
MURPHREE, JOHN A.H., Associate Judge.
This is a guest passenger automobile accident case where the issue was gross negligence on the part of the driver. The cause was tried before a jury which returned a verdict for the defendant, and it is from the final judgment entered upon that verdict that this appeal is taken by the plaintiffs.
There was evidence of speed of 60 to 70 miles per hour. There was evidence, although inconclusive, of a 45 mile per hour speed zone at the place of the accident. It was dark and the road was dry. The highway was straight for some distance before the accident but contained a slight curve to the left at the point where the car struck a utility pole 19 inches from the curb on the right hand side of the highway. There was evidence of drowsiness and weariness on the part of the driver shortly before the accident due to lack of sufficient sleep and rest during the 48 hour period preceding the occurrence.
Appellant presented as a witness Clarence Bruce, a qualified traffic accident analyst. Appellant contends that the trial judge erred in not allowing Mr. Bruce to give his opinion as to: 1. Whether the car had a braking defect; 2. Whether the car had a steering defect; 3. Whether the driver of the car exhibited sensible control of it; 4. Whether the probable cause of the accident was because the driver went to sleep.
As to points 1 and 2, the witness had made no examination of the steering or braking mechanism but predicated his opinion upon his own reasoning that if the steering mechanism had been out of order the driver would have applied brakes and left tire marks, and there were none; and that if the brakes had been out of order the driver would have steered the car to a safe halt; a fortiori such defects did not exist. This was not expert testimony but mere conclusions deductible from the evidence by the exercise of ordinary common sense.
As to points 3 and 4, it is patent that the jury was fully competent to answer these questions without the aid of the opinion of a traffic reconstruction expert. To permit the witness to have done so would have clearly invaded the province of the jury.
Expert opinions are admissible only when the facts to be determined are obscure and can be made clear only by the opinions of persons skilled in relation to the subject matter of the inquiry; and when facts are within the ordinary experience of the jury, conclusions therefrom *477 will be left to them, and even experts are not permitted to give conclusions in such cases. See: Mills v. Redwing Carriers, Inc., Fla.App. 1961, 127 So.2d 453, and authorities cited therein.
The trial judge was correct in rejecting this testimony.
Appellants' requested charge No. 7, on gross negligence, which was refused, was taken from a Florida appellate decision or decisions and was probably all right, but the trial judge chose to give one of his own which correctly and adequately stated the law. In the course of his instruction on this subject he did say that, "Speed alone was not evidence of either negligence or gross negligence." This statement was not entirely accurate, but considered in the context of the instructions as a whole we do not believe that the jury was misled as to the law applicable in this case.
Affirmed.
WALDEN, C.J., and REED, J., concur.