323 So.2d 32 (1975)
SEABOARD COAST LINE RAILROAD COMPANY, Appellant,
v.
Mary S. KUBALSKI, Administratrix of the Estate of Leonard Kubalski, Deceased, Appellee.
No. 74-1705.
District Court of Appeal of Florida, Fourth District.
December 12, 1975.
*33 William H. Davis and Frederick J. Ward, of Giles, Hedrick & Robinson, Orlando, for appellant.
Charles A. Tabscott of Troutman & Parrish, Winter Park, for appellee.
WALDEN, Chief Judge.
Plaintiff's decedent was killed when an Eastern Seaboard Railway train collided with his pickup truck. Decedent was stopped on a railroad track because of traffic backed up from a red light. The jury found decedent 60% negligent and the railway 40% negligent. Decedent's estate was awarded $130,000 in gross. Defendant railway has appealed. We reverse and remand for a new trial on the grounds that certain evidence was improperly and prejudicially entered. The grounds were raised in Point IV on appeal:
Whether the trial court committed error in permitting the witness [the president of a consulting engineer and safety consultant firm in Orlando], ... to give... opinion testimony as to how an average man in the United States of America who drives a motor vehicle will react who finds himself in a line of traffic as [plaintiff's decedent] did as he approached railroad tracks as assumed in the hypothetical propounded to the witness.
Defendant has correctly argued that, unless the subject of expert testimony is one beyond the ordinary understanding of the jury, such expert testimony is not admissible. In Smaglick v. Jersey Ins. Co. of New York, 209 So.2d 475 (4th DCA Fla. 1968), it was clearly stated:
"Expert opinions are admissible only when the facts to be determined are obscure and can be made clear only by the opinions of persons skilled in relation to the subject matter of the inquiry; and when facts are within the ordinary experience of the jury, conclusions therefrom will be left to them, and even experts are not permitted to give conclusions in such cases." Id. at 476-477.
We are not unaware of the train and car collision case of Seaboard Coast Line Railroad Co. v. Hill, 250 So.2d 311 (4th DCA Fla. 1971), in which this court approved the opinion evidence of psychologist to the effect that an average driver would not have seen a train standing in the crossing at night, when the accident occurred. The court stated:
"... The witness testified that the darkness, the fog, the absence of flares, and the absence of sound would produce perceptional problems for a driver. The witness also testified that lights that were visible north of the crossing against a field of vision partially blocked by the box car would cause problems in depth perception. On the basis of these factors, the witness concluded that the information that could have been gathered as to the obstruction on the tracks was so poor that an average driver would not have been able to react to it properly. Hence, it appears to us that the subject matter of the opinion was not just the visibility of the train on the crossing, but also the deceptive quality of various factors that were present in the environment according to the hypothetical *34 situation posed by the question, and the manner in which a person would react to these factors. The significance of and the reaction of a human being to these factors might reasonably be held to involve a knowledge that was within the sphere of the witness' expertise and beyond the scope of the common knowledge of the jurors." Id. at 315.
In Hill there were extraordinary circumstances, a train stopped on a track in dark weather, with no warning devices. The expert was allowed to opine as to how these unusual circumstances would affect the human response. In the present instance the deceased was stopped on a railway track, in daylight, in the presence of numerous warning devices. There were no unusual circumstances to warrant any inroads upon the province of the jury to decide what the reasonable man should do or would do when faced with the instant situation. Further, in Hill, the court noted:
"Finally, although we do not rest our conclusion on this, we consider the admission of the opinion, if it were error, to be harmless. Improper expert testimony may be considered harmless error where there is sufficient other evidence to justify the jury in reaching the conclusion supported by the opinion." Id.

In light of the facts in this case, we could not deem the error harmless. The jury found plaintiff's decedent 60% negligent and the improper opinion evidence might well have tempered that verdict. The jury alone could and should have assessed the facts and circumstances solely in light of their common knowledge. On this ground we reverse for a new trial on liability and damages.
We note that there is also merit in appellant's Point I on appeal as follows:
Whether the trial court erred in refusing to grant that part of the defendant's motion for new trial that requested the court to order a remittitur or in the alternative grant defendant a new trial on the ground that the verdict and/or that part of the verdict that found total damages in the amount of $130,000 for the estate of Leonard Kubalski was excessive and showed that the jury was influenced by passion and prejudice for the plaintiff and against the defendant.
and we would have reversed for a new trial on the issue of damages to the estate. The verdict granted the estate was excessive and not in accord with the proven tangible elements of damage. Fla. Stat. § 768.21(1), (3) (1973). There is no merit in the other appellate points.
We reverse and remand on the basis of Point IV for a new trial on both issues of liability and damages.
Reversed and remanded with directions.
OWEN, J., and REASBACK, JAMES M., Associate Judge, concur.