381 So.2d 229 (1980)
Elliott BUCHMAN, Etc., Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY, Respondent.
No. 54394.
Supreme Court of Florida.
February 21, 1980.
Rehearing Denied April 14, 1980.
Walter H. Beckham, Jr. and Joel D. Eaton, of Podhurst, Orseck & Parks, Miami, and the Law Offices of Wagner, Cunningham, Vaughan, Hapner & Genders, Tampa, for petitioner.
George D. Lynn, Jr. and Stephen C. Chumbris, of Harrison, Greene, Mann, Rowe, Stanton & Mastry, St. Petersburg, for respondent.
Robert J. Beckham, of Beckham, McAliley & Proenza, Jacksonville, for Academy of Florida Trial Lawyers, amicus curiae.
DuBose Ausley and William M. Smith, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for Florida Railroad Ass'n, amicus curiae.
McDONALD, Justice.
This Court has granted certiorari under article V, section 3(b)(3), Florida Constitution. There is apparent conflict on the issue of admissibility of expert testimony as defined in Seaboard Coast Line Railroad Co. v. Hill, 250 So.2d 311 (Fla. 4th DCA 1971), writ discharged 270 So.2d 359 (Fla. 1972), and Public Health Foundation v. Cole, 352 So.2d 877 (Fla. 4th DCA 1977), cert. denied 361 So.2d 834 (Fla. 1978).
*230 The facts of this case are stated in the opinion of the Second District Court of Appeal, 358 So.2d 836 (Fla. 2d DCA 1978), and are not repeated here. Although other issues were discussed by the District Court, the sole basis for reversal was the admissibility of expert testimony. Our discussion is therefore limited to that issue.
At the outset it is observed that the trial judge was most careful in his consideration of the expert testimony in dispute. We are reminded that in the absence of a clear showing of error a trial judge's determination of admissibility should not be disturbed on review. Seaboard Air Line Railroad Co. v. Lake Region Packing Assn., 211 So.2d 25 (Fla. 4th DCA 1968), cert. denied 221 So.2d 748 (Fla. 1968); Myers v. Korbly, 103 So.2d 215 (Fla. 2d DCA 1958).
There are two elements to be considered when admitting expert testimony. First, the subject must be beyond the common understanding of the average layman. Second, the witness must have such knowledge as "will probably aid the trier of facts in its search for truth." Mills v. Redwing Carriers, Inc., 127 So.2d 453, 456 (Fla. 2d DCA 1961).
The district court, relying on Seaboard Coast Line Railroad Co. v. Kubalski, 323 So.2d 32 (Fla. 4th DCA 1975), ruled that the testimony of three experts invaded the province of the jury and should not have been admitted. Kubalski concerned the death of a motorist whose pickup truck was struck by a train while stopped on a railroad track because of traffic backed up from a red light. In Kubalski, the district court reversed and remanded on the basis of improperly admitted expert testimony. On the other hand, the admission of expert testimony concerning an automobile-train collision had been upheld in Seaboard Coast Line Railroad Co. v. Hill, 250 So.2d 311 (Fla. 4th DCA 1971).
The Fourth District Court of Appeal reconciled its rulings in Kubalski and Hill by stating:
In Hill there were extraordinary circumstances and the expert was allowed to opine as to how these unusual circumstances would affect the human response. In Kubalski there were no unusual circumstances to warrant any inroads upon the province of the jury to decide what the reasonable man should do or would do in that situation.
Public Health Foundation v. Cole, 352 So.2d 877, 879 (Fla. 4th DCA 1977).
In our opinion, the instant case contains enough "unusual" circumstances to support the trial judge's admission of expert testimony. It was within his discretion to find that the Twin Lakes Boulevard intersection with both the Seaboard tracks and Busch Boulevard, coupled with the conditions inside Mrs. Buchman's car, presented such a deceptive quality in the environment as to warrant the admission of expert testimony. The experts involved did not invade the province of the jury by testifying about this complicated intersection. Rather, their testimony offered assistance to the jury as to reaction times, as to audibility of the train whistle, and as to how the crossing measured up to minimum design standards.
For the reasons set out above, the district court's decision reversing the judgment against Seaboard on grounds that the expert testimony was inappropriate is quashed, and the judgment of the trial court is reinstated.
ENGLAND, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
ALDERMAN, J., dissents with an opinion.
SUNDBERG, J., dissents.
ALDERMAN, Justice, dissenting.
I agree that the testimony of a "human factors" expert may be admissible where extraordinary circumstances exist and where the significance of and the reaction of a human being to these factors might reasonably involve a knowledge that is within the sphere of the witnesses' expertise and beyond the scope of jurors' common knowledge. Public Health Foundation v. *231 Cole, 352 So.2d 877 (Fla. 4th DCA 1977). I disagree, however, with the majority's conclusion that such unusual circumstances, warranting inroads upon the province of the jury to decide what a reasonable man should do or would do in this situation, existed in the present case. Seaboard Coast Line Railroad Co. v. Kubalski, 323 So.2d 32 (Fla. 4th DCA 1975).
Judge Grimes, speaking for the Second District in the present case, correctly concludes:
[T]he testimony of the plaintiff's experts referred to above had the effect of invading the province of the jury. The testimony was particularly prejudicial in this case because there was no independent evidence of specific acts of negligence. Expert testimony can be very helpful in explaining complicated subjects which are beyond the knowledge of the average juror. On the other hand, the practical effect of permitting an expert to testify is to advise the jury that this is a person whose opinion is worth considering. Therefore, allowing an expert to testify on matters of common knowledge creates the very real possibility that the jurors will be unduly influenced by the opinion of one whose advice was not needed by them to reach an intelligent conclusion.
All of the factors which Mr. Fowler said would cause confusion at this crossing were matters which could be readily appreciated by any person who drives an automobile. Counsel could have very properly pointed out the so-called "confusion factors" to the jury in his closing argument since they were predicated upon facts admitted into evidence. However, permitting Mr. Fowler to make the same observations effectively put the stamp of expertise upon an issue that the jury was fully competent to decide.
358 So.2d at 842.
I would approve the decision of the Second District.