Richard C. W. ELLIOTT, Appellant,

v.

CENTURY CHEVROLET COMPANY
and General Motors Corporation,
Appellees.

No. 18231.

Court of Civil Appeals of Texas,
Fort Worth.

April 3, 1980.

Rehearing Denied May 1, 1980.

Dushman, Greenspan, Friedman & Gray,
and Lowell E. Dushman and Jack Fried-
man, Fort Worth, for appellant.

Wynn, Brown, Mack, Renfro & Thomp-
son, and Henry C. Meyer, Fort Worth, for
Century Chevrolet.

Strasburger & Price, and Royal H. Brin,
Jr., Dallas, for General Motors.

OPINION

HUGHES, Justice.

Richard C. W. Elliott has appealed a sum-
mary judgment granted Century Chevrolet
Company and General Motors Corporation
which released them from a lawsuit involv-
ing several other defendants.

We affirm.

Factually, the following summary judg-
ment evidence is undisputed. Elliott was
injured when a beer truck backed up and
crushed him between the rear of the truck
and a loading dock. Elliott had no notice
that the truck was backing unto him when
the accident occurred. The beer truck chas-
sis was built by G.M. and initially sold by
Century. A beer storage unit was installed
on the chassis by parties other than G.M. or
Century which created a blind spot in the
path of the driver's rear view vision. No
backup buzzer was ever installed on the
truck.

Elliott argues that the failure to have
such a warning buzzer was foreseeable neg-
ligence on the part of Century or G.M.,
since both should have reasonably foreseen
that a beer storage unit could have been
installed on the bare truck chassis here in-
volved, and that such installation would ob-
struct the driver's rear view. As a result,
Elliott contends G.M. and Century should
have had a backup buzzer installed for safe-
ty reasons.

The only point of error urged by Elliott is
that the trial court erred in granting the
motion for summary judgment. G.M. and
Century argue that they are not liable be-
cause substantial changes were made to the
truck chassis and that these changes render
them not liable as a matter of law. We
agree with G.M. and Century.

G.M. relies on *Verge v. Ford Motor Co.,* 581 F.2d 384 (3rd Cir. 1978), which was based on a factual situation remarkably similar to the case at hand. *Verge* involved the addition of a garbage compactor unit to a truck chassis. In *Verge,* the controlling issue was whether the manufacturer of a truck chassis which was later converted to a garbage truck should be held liable for failing to install a backup buzzer on the truck which, when backing up, crushed a plaintiff who might have otherwise known the truck was coming had a backup buzzer been installed on it.

The Third Circuit held that the truck's manufacturer was not strictly liable to the plaintiff. The court noted that if the truck was so defective at the time of the accident as to be dangerous due to the addition of the garbage collection unit and the lack of a backup buzzer, the company that converted the truck for garbage collection, and not its original manufacturer, was the party who should be held liable to the plaintiff. We feel that, in light of the similarity between *Verge* and the facts of this case, as shown by the summary judgment evidence, G.M. was properly entitled to a summary judgment.

The decision in *Verge* was based on an analysis of three factors which must be considered in determining the responsibility for the absence of a safety device when a finished product is the result of substantial work done by more than one party. These factors are trade custom, relative expertise of the parties and practical considerations. Trade custom deals with identifying the stage of the entire process resulting in the finished product at which the safety device is normally installed. Like *Verge,* no evidence of trade custom was available in the present case. It was possible to decide *Verge* without this evidence, and we feel we can do likewise here.

Relative expertise deals with identifying which party is best acquainted with the design problems and safety techniques involved when a modification is made to a product by someone other than the primary manufacturer. In the instant case, the beer storage unit was added to the truck chassis by a company who remains a defendant in Elliott's case. G.M. is not in the business of manufacturing beer trucks nor is it customarily engaged in the business of adding beer storage units to any chassis it has manufactured. It would appear from this that the company which added the beer storage unit, and not G.M., would have the expertise to assess design implications and the ramifications on safety which any design changes might require.

On the issue of practicability of installing the backup buzzer, this would appear to fall on the party modifying the truck chassis. G.M. merely manufactured a chassis which could be put to a number of uses. Some of these uses might be ones where no backup buzzer would be required. In addition, if G.M. were to have installed a backup buzzer on every chassis it made, there could arise circumstances where certain types of modifications would require the removal or relocation of the buzzer in order to accommodate the modifications. We conclude that it would be more practical for the party adding the beer storage unit, like the party which added the garbage compactor in *Verge,* to install any needed buzzer.

Based on these two reasons, we hold that Elliott has failed to come forth with sufficient evidence to prove that G.M. had any special expertise or that any practical considerations existed which would impose on G.M. a duty to install a backup buzzer under the facts of this case. As a consequence, G.M. was not liable nor was there any basis under which liability could be imposed on it. It was not error for the trial court to grant G.M.'s motion for summary judgment.

For the same reasons Century is also not liable. The present case is distinguishable on its facts from *Verge* with respect to Century since the seller of the garbage truck chassis was not a party to the *Verge* appeal. However, we find that the same analysis of factors which must be considered when determining the responsibility for the absence of a safety device when the finished product is the result of substantial

work done by more than one party also applies to Century as a seller of the beer truck chassis.

Evidence shows that Century was not involved in the installation of beer storage units. These were available from a number of sources which did not include Century and were susceptible of being installed on a variety of truck chassis. A truck chassis would be purchased by the party who was to install the beer storage unit, who made his choice from among a number of chassis dealers, such as Century, and beverage body manufacturers. Thus, it does not appear that Century normally sold trucks with a bare chassis which were specifically earmarked to have beer storage units installed on them. Century was simply in the business of selling a truck with a bare chassis to any ready, willing and able purchaser. As a result, it would not appear that any particular duty was imposed on Century to install a backup buzzer on its chassis since they were sold to a large number of purchasers for a number of varied uses.

As it is apparent that Century was not in the business of selling a truck chassis for any specific use (e. g. as part of a beer truck), it would not have any special expertise in design problems and related safety techniques when a beverage body was added to the chassis. Evidence shows that Century personnel would not even have known what sort of use the truck was to be put after it was sold, unless they happened to stumble across this information by accident, so it would have been difficult to impute to them any duty arising out of special expertise relative to the truck chassis since they did not even know where the truck was going or for what purpose it was going to be used.

Additionally, on the issue of the practicability of installing a backup buzzer, there would clearly be no duty on Century to install one since the dealership sold the truck chassis with no knowledge of what purpose the truck chassis was to serve after its sale. It would be difficult to impose a duty to install a buzzer on a truck chassis by reason of practicability given the state of Century's knowledge of the buyer's intended use of the chassis and the various uses to which it could be put.

We hold that Century had no duty to install a backup buzzer on the truck chassis it sold which was ultimately converted into a beer truck. The evidence presented, and the implications drawn from practical considerations and lack of special expertise on Century's part, all point to negation of any duty to install a buzzer. It could not have been held liable for any injuries caused to Elliott by reason of the beer truck lacking a backup buzzer when Elliott was injured. The trial court did not err when it granted the motion for summary judgment of Century.

The judgment of the trial court is affirmed.