430 So.2d 912 (1983)
William FORD, Jr., and Gloria Jean Ford, His Wife, Appellants,
v.
INTERNATIONAL HARVESTER COMPANY, Appellee.
No. 82-751.
District Court of Appeal of Florida, Third District.
March 29, 1983.
Rehearing Denied May 23, 1983.
*913 McClure & Gay and M. Lee Gay, Jr., Fort Lauderdale, for appellants.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Richard A. Sherman, Miami, for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
We approve a directed verdict at the close of all the evidence in favor of International Harvester as the manufacturer of a truck cab and chassis in an action sounding in tort, on strict liability, for failure to install back-up warning signals. The cab and chassis were specifically ordered without such devices from International in 1970. At the time of the initial order it was known that the products supplied by International would be substantially altered prior to being delivered to the ultimate consumer for use as a trash truck.
Florida has adopted the doctrine of strict liability on the part of a manufacturer in the case of West v. Caterpillar Tractor Company, 336 So.2d 80 (Fla. 1976). The court approved the rule of law as expressed in American Law Institute (Second) of Torts, Sec. 402 A, as follows:
"One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if:
"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although
"(a) the seller has exercised all possible care in the preparation and sale of his product, and
"(b) the user or consumer has not bought the product from or entered into any contractual relation with seller. (emphasis added)"
In adopting strict liability, the Supreme Court said:
"In other words, strict liability should be imposed only when a product the manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being * *"
The doctrine does not apply in this case because the cab and chassis were extensively modified.
In Verge v. Ford Motor Co., 581 F.2d 384 (5th Cir.1978) Ford manufactured a cab and chassis and sold it to Leach Company which converted it into a garbage truck. No back-up alarm was installed and the truck backed up over a sanitation worker. The plaintiff settled with Leach and went to trial against Ford and received a favorable verdict. The case was reversed on appeal with instructions to enter a judgment n.o.v. for Ford. The Verge decision was followed *914 in Elliott v. Century Chevrolet Co., 597 S.W.2d 563 (Tex.Civ.App. 1980). A cab and chassis were manufactured by General Motors and sold to another company which installed a beer storage unit and made it into what was described as a "beer truck." No warning buzzer was installed and it backed over and killed a person. General Motors and the dealer, Century Chevrolet, received summary judgment, and the court of appeal affirmed, stating:
"The only point of error urged by Elliott is that the trial court erred in granting the motion for summary judgment. G.M. and Century argue that they are not liable because substantial changes were made to the truck chassis and that these changes render them not liable as a matter of law. We agree with G.M. and Century.
The decision in Verge was based on an analysis of three factors which must be considered in determining the responsibility for the absence of a safety device when a finished product is the result of substantial work done by more than one party. These factors are trade custom, relative expertise of the parties and practical considerations. Trade custom deals with identifying the stage of the entire process resulting in the finished product at which the safety device is normally installed.
Relative expertise deals with identifying which party is best acquainted with the design problems and safety techniques involved when a modification is made to a product by someone other than the primary manufacturer. In the instant case, the beer storage unit was added to the truck chassis by a company who remains a defendant in Elliott's case. G.M. is not in the business of manufacturing beer trucks nor is it customarily engaged in the business of adding beer storage units to any chassis it has manufactured. It would appear from this that the company which added the beer storage unit, and not G.M., would have the expertise to assess design implications and the ramifications on safety which any design changes might require.
On the issue of practicability of installing the backup buzzer, this would appear to fall on the party modifying the truck chassis. G.M. merely manufactured a chassis which could be put to a number of uses. Some of these uses might be ones where no backup buzzer would be required. In addition, if G.M. were to have installed a backup buzzer on every chassis it made, there could arise circumstances where certain types of modifications would require the removal or relocation of the buzzer in order to accommodate the modifications. We conclude that it would be more practical for the party adding the beer storage unit, like the party which added the garbage compactor in Verge, to install any needed buzzer." (Pages 563-564)
In the present case it is not necessary to reach the last two criteria since the testimony was clear that it was not the trade custom in 1970 for the manufacturer of the cab and chassis to install a back-up alarm.
We have examined the other points urged for reversal by the appellant and find them to be without merit. Buchman v. Seaboard Coast Line Railroad Company, 381 So.2d 229 (Fla. 1980); Argonaut Insurance Company v. Peralta, 358 So.2d 232 (Fla. 3d DCA 1978); Travelers Indemnity Company v. Salido, 354 So.2d 963 (Fla. 3d DCA 1978); Home Insurance Company v. Wiggins, 147 So.2d 157 (Fla. 1st DCA 1962).
Therefore the final judgment entered on the directed verdict be and the same is hereby affirmed.