KIRKWOOD, L.R., Associate Judge.
This is an appeal from a judgment in a personal injury case. Appellant was riding his motorcycle on a public street and ran into a train as it crossed the roadway. Although there were various warning devices present and working there were no gates to prevent appellant and other motorists from entering into the railroad-roadway intersection. It was appellant’s theory of liability that the defendant breached its duty to warn by failing to have gates. The standard of care, along with the other elements in a negligence case, is a matter to be pleaded and proved to a jury. It is a question of fact whether- a defendant breached its duty, not a question of law.
The court in its jury instructions told the jury:
The Court instructs you that as of August 1, 1975, there is no law of any Federal, State, County, or City agency requiring the Appellee to install and maintain gates at the Orange Avenue crossing.
This instruction has the effect of removing from the jury some of its authority to determine the issue of negligence. It pre-empts the jury’s prerogative. While it is proper to give an instruction regarding the breach of a statutory duty as being evidence of negligence, the converse is not true. DeJesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla.1973). That is, just because no legislative body has mandated the construction of gates does not mean the railway company was not obligated to construct the gates in order to meet its burden to protect motorists from being struck by its trains. Because the erroneous instruction could have led to an unjust verdict we reverse the judgment and remand the case for a new trial.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.