CAMPBELL, Judge.
Appellant appeals the final judgments entered against it in favor of appellee, to-talling some $1,855,873.25. Appellee’s action arose out of a railroad crossing accident in which an automobile driven by the minor child, Stevie R. Louallen, accompanied by his mother, Jean Merlene Louallen, was struck by one of appellant’s trains. Both Stevie Louallen and his mother were killed. The accident occurred at the intersection of appellant’s railroad tracks with Wilsky Boulevard in Hillsborough County, at about 1:35 p.m., on August 23, 1979. We affirm.
While appellant raises three points on its appeal, we consider it advantageous to discuss only the first point raised. Appellant essentially contends in that point that the trial court erred in instructing the jury, and in allowing appellee’s counsel to argue to the jury, that appellant could be found negligent for failing to provide additional crossing protection and warnings other than that mandated by section 351.03, Florida Statutes (1979), without such additional protection devices having been required by the Department of Transportation pursuant to section 338.21, Florida Statutes (1979).
The evidence presented at trial established that the railroad crossing was protected by an advance warning sign and white roadway markings showing “R X R,” in addition to the crossbucks and signs required by section 351.03. The evidence also showed that the Department of Transportation had implemented the provisions of section 338.21 so as to require automatic flashing light signals and bells to be scheduled for the crossing. The evidence further showed that the procedures involved took approximately eighteen months to accomplish all the required steps between the scheduling and the actual existence of the automatic signal system. That eighteen-month period had not expired at the time the accident in this case occurred.
Appellant argues that inasmuch as the evidence showed that it had complied with all statutory requirements concerning crossing protection, and the installation of the automatic signals were not yet scheduled to have been completed under the directions of the DOT, it was improper, under the holding of Atlantic Coast Line R. Co. v. Wallace, 63 Fla. 93, 54 So. 893 (1911), to instruct the jury that it could consider whether appellant should have provided additional crossing protection.
Judge Grimes, in his opinion in Seaboard Coast Line R. Co. v. Buchman, 358 So.2d 836 (Fla. 2d DCA 1978), rev’d. on other grounds, Buchman v. Seaboard Coast Line R. Co., 381 So.2d 229 (Fla.1980), has previously determined that issue for this court when he wrote:
On the question of adequate crossing protection, our supreme court, in Atlantic Coast Line R. v. Wallace, 61 Fla. 93, 54 So. 893 (1911), long ago held that the legislature rather than the jury must determine whether particular methods of crossing protection should be used in order to prevent an injury, but that it was the province of the jury in a crossing accident to determine whether the rail *783 road exercised all of the care and diligence required by the circumstances of the particular case. This principle was more recently reaffirmed in McNulty v. Atlantic Coast Line Railroad, 198 So.2d 876 (Fla. 2d DCA 1966). Obviously, the railroad’s failure to provide crossing protection according to a statutory mandate would be evidence of negligence. But are there circumstances under which the railroad may have to go further?
After analyzing the cases of Atlantic Coast Line R. Co. v. Smith, 58 So.2d 301 (Fla.1951), Florida East Coast Ry. Co. v. Soper, 146 So.2d 605 (Fla. 3d DCA 1962) and Seaboard Air Line R. Co. v. Hawes, 208 So.2d 634 (Fla. 2d DCA 1968), Judge Grimes answered his own previously posed question by stating:
From these and similar decisions, it appears that our courts have established a rule in railroad cases that where obstructed crossings in congested areas are involved, it may not be enough for the railroad to protect its crossing with the standard crossbuck, to operate its train within the speed limit, and to blow the whistle and ring the bell. The jury is still permitted to determine whether the railroad exercised reasonable care and caution under the circumstances and conditions existing at the time of the accident.
Accordingly, whether the railroad should have provided additional crossing protection became a jury issue, and in deciding whether the railroad was negligent, the jury could properly consider the manner in which the train was being operated and all of the other circumstances surrounding the accident.
We find that the evidence presented to the jury in this case was such that it was proper to instruct the jury that they could determine whether appellant had exercised reasonable care for the safety of motorists with respect to warning devices at the railroad crossing in question. This instruction was made more pertinent because it followed the reading to the jury at the request of appellant, the terms of section 338.21.
We therefore, again, as we did in Buchman, reject the argument that if the evidence shows that all statutory requirements have been met, it is improper for the jury to consider whether additional precautions may be reasonably necessary under the circumstances. In doing so, we observe that the legislature, by the enactment of section 351.30, Florida Statutes (1979), also obviously contemplated circumstances in which a railroad company may deem it necessary to provide more than just the minimum warnings required by statute. Section 351.30 provides that when a railroad company has elected to install automatic signal devices, the railroad company is then relieved from the statutory requirements of sections 316.171 and 351.-03.
We conclude, therefore, that under the circumstances of this case, it was not error for the court to instruct the jury that they could determine the reasonableness of the warning devices employed by appellant at its railroad crossing.[1]
Affirmed.
SCHEB, A.C.J., and SCHOONOVER, J., concur.

. See Miller v. Florida East Coast Rwy. Co., 477 So.2d 55 (Fla. 5th DCA 1985).