481 So.2d 1309 (1986)
FLORIDA POWER CORPORATION, Appellant,
v.
Charlie BARRON and Charlie M. Barron, Husband and Wife, Appellees.
No. 85-1086.
District Court of Appeal of Florida, Second District.
January 31, 1986.
Stephen C. Chumbris, Jeffrey S. O'Brien, and Kirk S. Davis of Greene & Mastry, P.A., St. Petersburg, for appellant.
Dale A. Johnson and Stephen J. Powell of Fisher & Sauls, P.A., St. Petersburg, for appellees.
HALL, Judge.
Appellant, Florida Power Corporation, appeals a final judgment that awarded appellee, Charlie Barron, $2,000,000 in damages for injuries he sustained as a result of a fall from a roof. Appellee, a roofer, was removing metal materials from a job site when one of the items touched appellant's overhead power line and shocked appellee. The record reflects that the power line was located six feet diagonally from the edge of the roof and that, at the least, appellee's *1310 coworker was aware of this close proximity of the power line to the roof.
We reverse and remand for a new trial based on Florida Power's contention that the testimony of the Barrons' expert witness, Edward Gloyd, invaded the province of the jury.[1] Consequently, it is not necessary to address Florida Power's remaining contentions.
Florida Power contends that the following testimony of Edward Gloyd, which was repeated twice in the presence of the jury, was prejudicial and inadmissible:
[Y]our powers of concentration and ability to remain aware of all of your surroundings decrease with the amount of time that you spend on the job, so that when you are fatigued towards the end of the day, you're much more apt to put yourself into an unsafe situation than you would be at the beginning of the day, beginning of the shift.
We agree. This is a statement of a fact which is within the common understanding of the jury and should not have been admitted into evidence.
In order to be admissible, expert testimony must concern a subject which is beyond the common understanding of the average layman and is such as will probably aid the triers of fact in their search for truth. Buchman v. Seaboard Coast Line Railroad, 381 So.2d 229 (Fla. 1980); Mills v. Redwing Carriers, Inc., 127 So.2d 453, 456 (Fla. 2d DCA 1961).
In Buchman the supreme court reversed this court's ruling in Seaboard Coast Line Railroad v. Buchman, 358 So.2d 836 (Fla. 2d DCA 1978), that expert testimony was not admissible. In reaching its conclusion that there were enough unusual circumstances present to support the admission of expert testimony ("the Twin Lakes Boulevard intersection with both the Seaboard tracks and Busch Boulevard, coupled with the conditions inside Mrs. Buchman's car, presented ... a deceptive quality in the environment... ." 381 So.2d at 230), the supreme court referred to the Fourth District's reconciliation in Public Health Foundation v. Cole, 352 So.2d 877, 879 (Fla. 4th DCA 1977), cert. denied, 361 So.2d 834 (Fla. 1978), of two of that court's previous rulings on the admissibility of expert testimony:
In Hill [Seaboard Coast Line Railroad v. Hill, 250 So.2d 311 (Fla. 4th DCA 1971)] there were extraordinary circumstances [train was stopped at a crossing, in darkness and fog, with no flares or other warning devices] and the expert was allowed to opine as to how these unusual circumstances would affect the human response. In Kubalski [Seaboard Coast Line Railroad v. Kubalski, 323 So.2d 32 (Fla. 4th DCA 1975)] there were no unusual circumstances [deceased was stopped on a railway track with numerous warning devices, in daylight] to warrant any inroads upon the province of the jury to decide what the reasonable man should do or would do in that situation.
There were no unusual circumstances in the instant case; in fact, when asked, "Are you telling me that there is something complicated about this case and how it happened that they [the jurors] are not capable of understanding themselves?," Gloyd responded, "No, I don't think there is." Furthermore, Gloyd's disputed testimony did not consist of the application of expert knowledge to the circumstances of this case in order to explain the human response thereto. Rather, it merely consisted of a statement of a fact which we believe is within the common understanding of the jury.
Because the importance and validity of the testimony of an expert witness are increased in the mind of the jury, allowing *1311 an expert witness to testify to matters of common understanding creates the possibility that the jury will forego independent analysis of the facts when it does not need assistance in making that analysis. This is particularly true when there are no unusual or complicated circumstances surrounding the incident about which the expert testifies.
In light of the fact that the jury found Charlie Barron 5% negligent and Florida Power 95% negligent, we cannot say that the jury did not forego independent analysis of all or some of the facts because of the influence of Gloyd's testimony.
Accordingly, we reverse and remand for a new trial.
LEHAN, A.C.J., and FRANK, J., concur.
NOTES
[1] The Barrons argue that Florida Power waived any error in the admission of Gloyd's testimony because it did not object to the question which elicited that testimony. However, prior to Gloyd's taking the stand, Florida Power did object to any testimony he might give in the human factors area. This objection was timely and sufficient to preserve the issue for review. Gaines v. State, 406 So.2d 523 (Fla. 4th DCA 1981) (objection at outset of testimony sufficient to preserve issue of propriety of testimony for review).