ZEHMER, Judge.
This is an appeal from a summary final judgment in favor of the defendant in a personal injury action for damages allegedly resulting from the plaintiff’s breathing asbestos dust emanating from a gasket manufactured and distributed by the defendant. We reverse upon a finding that the defendant failed to carry its heavy burden of showing conclusively that no material issues of fact remain for determination *1230 at trial. E.g., Aloff v. Neff-Harmon, Inc., 463 So.2d 291 (Fla. 1st DCA 1985).
Compliance with OSHA standards does not diminish and satisfy as a matter of law the common law duty to warn of dangers of asbestos products. Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242 (Fla. 1st DCA 1984); Jimenez v. Gulf & Western Manufacturing Co., 458 So.2d 58 (Fla. 3d DCA 1984). There is a factual dispute regarding the applicable OSHA standard for airborne asbestos particles. Plaintiffs affidavit concerning the emission of asbestos particles from the gaskets is in direct contrast to the defendant’s contention that the level of emission is minimal. Disputed issues of fact regarding the reliability of the testing procedures used by defendant’s expert remain to be determined. These and other disputed issues of fact mandate reversal of the summary judgment and remand for trial.
REVERSED AND REMANDED.
SHIVERS and BARFIELD, JJ., concur.