548 So.2d 287 (1989)
Louise V. ADAMO and Francis P. Adamo, Appellants,
v.
MANATEE CONDOMINIUM, INC., Appellee.
No. 87-786.
District Court of Appeal of Florida, Third District.
September 5, 1989.
*288 Colson, Hicks & Eidson and Alan K. Petrine, Miami, for appellants.
Haddad, Josephs & Jacks and David K. Markarian, Coral Gables, for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.

ON REHEARING
PER CURIAM.
This is an appeal by the plaintiffs Louise and Francis Adamo from a final judgment entered upon an adverse jury verdict in a slip-and-fall negligence action. The sole point on appeal is that the trial court committed reversible error by allegedly excluding, in part, the opinion testimony of the plaintiffs' expert witness. Originally, we agreed with this point and reversed for a new trial in an opinion filed by this court on November 15, 1988. On rehearing, however, we have reconsidered our prior decision and conclude that the point has not been properly preserved for appellate review.
The record reflects that the defendant Manatee Condominium Association filed a pretrial motion in limine seeking to exclude the plaintiffs' expert witness from testifying at trial; the trial court heard argument of counsel on this motion, but took no testimony. The trial court's ruling on this motion  which forms the basis for the plaintiffs' sole point on appeal  is, in our view, somewhat confusing. The trial court granted the motion in part and denied the motion in part, but it is not entirely clear what testimony the trial court, in fact, excluded.[1] This is not surprising as it is often very difficult for a trial court to delineate in a pretrial ruling, as here, exactly what testimony of a witness will be excluded and what will be allowed at trial when the witness has not testified before the court. Thereafter, the plaintiffs elected not to call the witness at trial and, instead, proffered only a deposition of the witness for appellate record purposes. It is therefore impossible to determine from this record what testimony of the plaintiffs' expert was excluded below, and, accordingly, the point has not been preserved for appellate review. Ritter's Hotel v. Sidebothom, 142 Fla. 171, 194 So. 322 (1940); Browder v. Da Costa, 91 Fla. 1, 109 So. 448 (1925); Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980).
The defendant's motion for rehearing is granted, this court's opinion dated November 15, 1988 is vacated, and the trial judgment under review is, in all respects,
Affirmed.
HUBBART and JORGENSON, JJ., concur.
BARKDULL, Judge, specially concurring.
I would affirm the final judgment not only for the reasons stated in the majority opinion, but also because I do not believe that expert testimony was proper in the first instance. As was succinctly stated in Millar v. Tropical Gables Corp., 99 So.2d 589 (Fla. 3d DCA 1958),
"when facts are within the ordinary experience of the jury, the conclusion from those facts will be left to them, and experts will not be permitted to give their conclusions in such cases. Expert testimony generally is admissible when the facts to be determined are obscure, *289 and can be made clear only by and through the opinions of persons skilled in relation to the subject matter of the inquiry. 13 Fla. Juris, Evidence, § 312... ."
The instant case is a simple fall at a curb caused by a change in levels between a sidewalk and a driveway, of which the plaintiff "invitee", Louise Adamo, was aware. Compare Hoag v. Moeller, 82 So.2d 138 (Fla. 1955); General Development Corporation v. Doles, 309 So.2d 596 (Fla. 2d DCA 1975). Louise Adamo knew that the sidewalk at Manatee was elevated above the driveway. She had approached the elevated sidewalk on its south side while walking in the driveway, and had to step up 6-8 inches from the driveway onto the south side of the sidewalk. She proceeded on the sidewalk, crossed it and fell when she stepped off the north side of the sidewalk down to the driveway. There is no allegation or attempt to prove a construction defect in the curb itself by virtue of incorrect height or slope, etc. which might require the testimony of experts to assist the jury in determining the case. Rather we have an attempt to have an expert tell the jury that if the curb were painted a bright warning color the curb would have been more noticeable and that failure to do so constituted negligence. I do not believe that the facts in this case are so confusing so as to necessitate expert opinion to facilitate the jury in resolving the issue of negligence herein. In fact, the admission of the expert's testimony could tend to confuse the jury and the witnesses' conclusion does not assist the jury in determining what has occurred but rather tells them how to decide the case, which is improper. See Town of Palm Beach v. Palm Beach County, 460 So.2d 879 (Fla. 1985).
No testimony of an expert was needed when the jury, in its ordinary experience, could draw its own conclusion from the facts, considering the site of the injury, and considering its own human experience with sidewalks and their normal level above the surrounding streets or driveways. An expert should not be permitted to testify when his or her testimony would merely tell the jury what result to reach. In order for expert testimony to be admissible, it should concern a subject that is beyond the understanding of the ordinary man or woman. See in this connection Florida Power Corporation v. Barron, 481 So.2d 1309 (Fla. 2d DCA 1986) by Judge Hall of the 2nd DCA, wherein the following is found:
"In order to be admissible, expert testimony must concern a subject which is beyond the common understanding of the average layman and is such as will probably aid the triers of fact in their search for truth. Buchman v. Seaboard Coast Line Railroad, 381 So.2d 229 (Fla. 1980); Mills v. Redwing Carriers, Inc. 127 So.2d 453, 456 (Fla. 2d DCA 1961).
In Buchman the supreme court reversed this court's ruling in Seaboard Coast Line Railroad v. Buchman, 358 So.2d 836 (Fla. 2d DCA 1978), that expert testimony was not admissible. In reaching its conclusion that there were enough unusual circumstances present to support the admission of expert testimony ("the Twin Lakes Boulevard intersection with both the Seaboard tracks and Busch Boulevard, coupled with the conditions inside Mrs. Buchman's car, presented ... a deceptive quality in the environment... ." 381 So.2d at 230), the supreme court referred to the Fourth District's reconciliation in Public Health Foundation v. Cole, 352 So.2d 877, 879 (Fla. 4th DCA 1977), cert. denied, 361 So.2d 834 (Fla. 1978), of two of that court's previous rulings on the admissibility of expert testimony:
In Hill [Seaboard Coast Line Railroad v. Hill, 250 So.2d 311 (Fla. 4th DCA 1971)] there were extraordinary circumstances [train was stopped at a crossing, in darkness and fog, with no flares or other warning devices] and the expert was allowed to opine as to how these unusual circumstances would affect the human response. In Kubalski [Seaboard Coast Line Railroad v. Kubalski, 323 So.2d 32 (Fla. 4th DCA 1975)] there were no unusual circumstances [deceased was stopped on a railway track with numerous warning devises, in daylight] to *290 warrant any inroads upon the province of the jury to decide what the reasonable man should do or would do in that situation.
There were no unusual circumstances in the instant case; in fact, when asked, "Are you telling me that there is something complicated about this case and how it happened that they [the jurors] are not capable of understanding themselves?," Gloyd responded, "No, I don't think there is." Furthermore, Gloyd's disputed testimony did not consist of the application of expert knowledge to the circumstances of this case in order to explain the human response thereto. Rather, it merely consisted of a statement of a fact which we believe is within the common understanding of the jury. Because the importance and validity of the testimony of an expert witness are increased in the mind of the jury, allowing an expert witness to testify to matters of common understanding creates the possibility that the jury will forego independent analysis of the facts when it does not need assistance in making that analysis. This is particularly true when there are no unusual or complicated circumstances surrounding the incident about which the expert testifies."
The slip and fall in the instant case did not happen in an unusual manner, but occurred on an ordinary site, within the common knowledge of persons who daily traverse sidewalks and roadways. There was no need of expert testimony to describe a scene that was open and patent to the jury from the evidence submitted.
Even if expert testimony was necessary, OSHA standards are not applicable to a premises liability case. OSHA was enacted by Congress to assure every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources. 29 C.F.R. § 1902.1(a). OSHA requires every employer covered under the Act to furnish to his employees a place of employment which is free from hazards that are causing or likely to cause death or serious physical harm to his employees. 29 C.F.R. § 1903.1. The OSHA standards applicable to construction of buildings apply to places of employment and employees engaged in construction work. 29 C.F.R. § 1910.12. Louise Adamo was neither an employee of Manatee Condominium, nor was the building under construction at the time of her injury. Manatee Condominium and she were not in an employer/employee relationship, and therefore the safety standards of OSHA should not be applicable. The only reference found in the OSHA regulations concerning safety stripes is in the section concerning safety color codes for marking physical hazards. 29 C.F.R. § 1910.144(a)(3). This specific regulation targets construction workers on the job site who might trip or fall due to unmarked hazards, not private individuals entering or exiting a building years after its completion.
Any reliance by plaintiff's expert on OSHA regulations to imply possible construction or maintenance violations by Manatee Condominium would have been misleading to the jury, and outside the scope and purpose of the Act itself. The requirements set forth in the OSHA regulations allow the Secretary of Labor a means to enforce construction safety on job-sites. Any ongoing enforcement once the building is completed would become the delegated duty of state and local agencies who are authorized to inspect for building code violations committed by the property owners, not construction employers answerable to OSHA. When OSHA regulations are cited by an expert witness, the plaintiff is usually related in some way to the construction industry, or maintains an employer/employee relationship.
The Florida Appellate decisions generally pertain to the use of OSHA regulations as the "community standard", when the plaintiff is an injured worker who brings a negligence suit sounding in tort for recovery against a property owner, or third party not protected by worker's tort immunity. See Brogdon v. Brown, 505 So.2d 19 (Fla. 3d DCA 1987) (South Florida Building Code enacted to protect the general public, not a particular class of persons); Cadillac Fairview of Florida, Inc. v. Cespedes, 468 So.2d 417, 421 (Fla. 3d DCA 1985) (South Florida Building Code is for the protection *291 of the public, not construction workers); See Jimenez v. Gulf & Western Manufacturing Company, 458 So.2d 58 (Fla. 3d DCA 1984) (OSHA violations admissible into evidence as defense in negligence action involving an injured worker.)
However, even when experts have been allowed to testify as to the compliance with, or violation of OSHA regulations, in support of their expert opinions, Loznicka v. Flexitallic Gasket Co., Inc., 489 So.2d 1229 (Fla. 1st DCA 1986); Clement v. Rousselle Corporation, 372 So.2d 1156 (Fla. 1st DCA 1979), the cases invariably concern an employer/employee relationship, or third party tort-feasor causing injury to a worker related to a building project. It would be misleading to allow such expert testimony to be presented to a jury, as the OSHA guidelines were enacted to protect America's workers on the jobsite, being a hazardous environment, unlike the location of Louise Adamo's trip and fall in the case sub judice. The cases cited above delineate between the South Florida Building Code, which protects the general public, and OSHA which protects workers on the job. Even on a job site OSHA is not applicable to third parties/invitees. Barrera v. E.I. DuPont De Nemours and Company, Inc., 653 F.2d 915 (5th Cir.1981). Melerine v. Avondale Shipyards Inc., 659 F.2d 706 (5th Cir.1981).
Therefore I think It would have been error to admit the testimony of the tendered expert in the first instance.
NOTES
[1] Indeed, it is possible to read the trial court's pretrial ruling herein as virtually denying the motion in limine. (R. 111, 114, 115). The trial court thereafter restated this ruling in its order denying the plaintiffs' motion for new trial:

"This Court made no ruling prohibiting Plaintiffs from having Plaintiffs' expert testify as to violations of applicable construction and engineering standards. Plaintiffs' expert was permitted to testify as to violations of any kind as related to the compilation of codes and requirements considered in general by engineers and architects in the design and construction of buildings."