Lucious SMITH and Debra Smith,
his wife, Plaintiff,

v.

CSX TRANSPORTATION, INC., a corporation, and National Railroad Passenger Corporation, Defendants.

No. 91–77–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 19, 1992.

Carol C. Murphy, Lakeland, Fla., David Wilson, III, Winter Haven, Fla., for plaintiff.

A.J. Melkus, Melkus & Hunter, P.A., Tampa, Fla., for defendants.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the court on the Memorandum of Law in Support of Defendants', CSX Transportation, Inc. (CSX) and National Railroad Corporation (National), Motion for Partial Summary Judgment, filed on July 30, 1992 and Plaintiff's response thereto. The Court's order is based on all the pleadings, affidavits, interrogatories and admissions on file.

Summary Judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubts as to the existence of a material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979).

The Supreme Court of the United States in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) held:

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

The Court also said that Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553.

The facts alleged in the pleadings indicate that on November 14, 1989 Plaintiff did not stop at a stop sign or the crossbuck signs south of the Railroad tracks which intersect 1st Street N.W. at intersection of Central Avenue, Lakeland, Florida. The car collided with an Amtrack train; the railroad tracks were owned by Defendant, CSX.

The Motion for Partial Summary Judgment is directed at Plaintiff's allegations in the Complaint, filed January 22, 1991, and Plaintiff's Amended Complaint filed June 10, 1991, that Defendants were negligent in failing to provide adequate signs upon the street, failing to provide adequate signal devices, and negligently permitting an unsafe condition to exist at the crossing of the tracks and the highway. Defendants contend that there is no genuine issue of material fact because Defendants have no duty to provide additional traffic signs upon streets or highways which intersect public crossings. Florida Statutes have delegated this duty to the governmental agency having jurisdiction over the particular roadway. Defendants also contend that Federal law preempts a state from imposing upon a railroad the duty to determine the adequacy of traffic control devices at public crossings since the Federal law places this duty upon the public agency with jurisdictional authority.

▇ As to the first issue presented by Plaintiff, Section 316.171, Florida Statutes (1989) provides that:

Every **railroad** company operating or leasing any track intersecting a public road at grade and upon which railroad trains are operated **shall** erect traffic control devices that are necessary to conform with the requirements of the uniform system of traffic control devices adopted pursuant to s. 316.0745. This section does not require the railroad company to erect those devices, such as pavement markings and advance warning signs, which are the responsibility of the governmental entity having jurisdiction over or maintenance responsibility for the public road.

The Uniform System of Traffic Control Devices further provides that:

the highway agency and the railroad company are entitled to jointly occupy the right-of-way in the conduct of their assigned duties. This requires joint responsibility in the traffic control function between the public agency and the railroad. The determination of need and selection of devices at a grade crossing is made by the public agency with jurisdictional authority.

Both section 316.171, Florida Statutes and the Uniform Traffic Control Manual indicate that the Railroad has a duty. Section 316.171 mandates that the railroad has the duty to erect traffic control devices.

▇ Furthermore, Florida courts have recognized a cause of action for negligence against a railroad. *See e.g. Department of Transportation v. Webb*, 409 So.2d 1061 (Fla. 1st DCA 1981) (where the court upheld the jury's determination that the Department of Transportation and the Seaboard Coastline Railroad Company were both at fault when a train collided with an automobile). The Second District Court of Appeal also addressed the issue of a railroad's negligence in *Seaboard Coast Line R.R. Co. v. Louallen*, 479 So.2d 781 (Fla. 2d DCA 1985) where it was held that a jury could decide whether a railroad was negligent in not providing additional warnings even though the railroad complied with the warnings and protections mandated by statute. *See also Miller v. Florida East Coast Railway Co.*, 477 So.2d 55 (Fla. 5th DCA 1985) (where the court held that a jury should determine whether a railway was negligent without instructions that it had no statutory duty to erect warning devices). The general rule, espoused by Judge Grimes in *Seaboard Coast Line R. Co. v. Buchman*, 358 So.2d 836 (Fla. 2d

DCA 1978), reversed on other grounds, *Buchman v. Seaboard Coastline R. Co.*, 381 So.2d 229 (Fla.1980), is that the jury should determine whether the railroad exercised reasonable care under the circumstances when a crossing accident has occurred.

Given the fact that the railroad has a duty to erect traffic control devices and a general duty in the traffic control function, summary judgment is denied and left to the finder of fact to decide whether Defendants breached their duty.

 Defendant's second issue presented in the Memorandum of Law in Support of Summary Judgment is that federal law preempts the state from imposing a duty upon railroads to determine the adequacy of traffic control devices. Section 202 of the Federal Railroad Highway Safety Act of 1970, 45 U.S.C. § 431, states that the Secretary of Transportation shall prescribe rules and regulations for all areas of railroad safety; and 23 C.F.R. § 655.601, *et seq.*, states that any determination of need for grade crossing warning devices be made on the basis of an engineering judgment by the public authorities having jurisdictional authority over the roadway at the crossing.

However, 45 U.S.C. § 434 is a savings clause which provides that the states may continue a law relating to railroad safety until the Secretary of Transportation has adopted a rule covering the same subject matter, or adopt a law more stringent than federal law when a local hazard exists. The federal courts have preempted the regulation of vegetation immediately adjacent to roadbed pursuant to 49 C.F.R. 213.37 (*Missouri Pacific R.R. Co. v. R.R. Commission of Texas*, 833 F.2d 570 (5th Cir. 1987)), but no regulations have been promulgated in the area of warnings at grade crossings; 45 U.S.C. § 433 only requires the Secretary of Transportation to study problems with existing grade crossings. Therefore, states may regulate the area of grade crossings until it is regulated by federal law.

 Furthermore, the court in *Easterwood v. CSX Transportation, Inc.*, 933 F.2d 1548 (11th Cir.1991), specifically held that the Secretary of Transportation has not yet promulgated regulations regarding grade crossings. *See also Marshall v. Burlington Northern, Inc.*, 720 F.2d 1149, 1555 n. 5. (9th Cir.1983) (where the court held that federal law had not preempted area of grade crossings). Upon due consideration, the Court finds that a genuine issue of material fact exists as to whether Defendants exercised due care under the circumstances, which precludes summary judgment.

ORDERED that the motion for partial summary judgment be denied.

DONE AND ORDERED.