ALDERMAN, Chief Judge.
This is an appeal by the defendants from a judgment in a negligence action. The issues are whether the trial court erred: (1) in allowing an expert witness to testify that in his opinion ‘the plaintiff acted as a reasonably prudent person; (2) in failing to direct a verdict for the defendant; and (3) in not submitting to the jury a special verdict to determine the percentage of negligence of the plaintiff and the defendants. We find no reversible error and affirm.
Conflicts exist in the evidence. However, since it is the defendants who are contending that a directed verdict should have been entered in their favor, we must consider the evidence in the light most favorable to the plaintiff. In this light, it appears that the defendants own and operate a waterfront recreation area in Martin County, charging admission to members of the public to come onto the property. On the day of the accident, the plaintiff and her two young children, along with some friends, paid the required admission fee and were admitted to the recreation area. On the river side of the recreation area there is a seawall. Numerous people swim there and dive from the seawall into the river. The plaintiff had been there many times during her life. She was a reasonably good diver and had dived off the seawall in the same area in the past without ever hitting bottom, but *879 she had not dived there previously on this day.
The plaintiff arrived at the recreation area at about 1:30 p. m. and spent the afternoon swimming, fishing, clamming, and playing with her children. Late in the day, when the accident occurred, the water was murky and there was a glare on it from the setting sun. The river was at low tide and the water was not noticeably moving. The plaintiff was not aware of the tide conditions. No warnings were given by the defendants that the water in front of the seawall became shallow at low tide and that it was dangerous to dive at this time. The plaintiff dove off the seawall, struck the river bottom, and as a result she is paralyzed from the neck down. The jury found for the plaintiff and returned a verdict against the defendants for $600,000.00.
The defendants first contend that the trial court erred in allowing expert testimony from a psychologist who testified that his subspecialty, human engineering, is a study of all of the factors which combine to influence the decision of an individual, such as past experience, present feelings, and immediate motor response in terms of the present situation or environment. Plaintiff’s counsel asked a hypothetical question which included the facts of the accident and the witness was permitted to testify that in his opinion a reasonably prudent person could have this accident because of the nature of the situation and the other facts described in the hypothetical.
The trial court allowed that testimony based upon our decision in Seaboard Coast Line Ry. Co. v. Hill, 250 So.2d 311 (Fla. 4th DCA 1971). The defendants contend, however, that the present case is governed by our later decision in Seaboard Coast Line Ry. Co. v. Kubalski, 323 So.2d 32 (Fla. 4th DCA 1975). In Hill we found that the trial court did not abuse its discretion in allowing the same psychologist to give his opinion “as to whether or not an average driver would have seen the train in time to have avoided the collision.” In Kubalski, on the other hand, we held that the court erred in permitting an engineer and safety consultant to give opinion testimony as to how an average man who drives a motor vehicle will react in a line of traffic as assumed in a hypothetical question. Although different results were reached in these cases, each is based upon the premise that, if the subject of expert testimony is one beyond the ordinary understanding of the jury, such testimony is admissible. The cases, however, are factually distinguishable. In Hill there were extraordinary circumstances and the expert was allowed to opine as to how these unusual circumstances would affect the human response. In Kubalski there were no unusual circumstances to warrant any inroads upon the province of the jury to decide what the reasonable man should do or would do in that situation.
Comparing Hill and Kubalski to the facts of the present case we conclude that the situation in which the plaintiff found herself is more like that in Hill. The weather conditions, the tide, the angle of the sun, the glare and other physical conditions in existence at the time of plaintiffs accident create a situation which may be beyond the ordinary experience and understanding of the jury, as in Hill, where there was a standing train in the darkness, fog, the absence of flares and sound, and a boxcar partially blocking the lights north of the crossing. The opinion testimony in the present case is related to the deceptive quality of various factors that were present in the environment and the manner in which a person would react to these factors. The significance of and the reaction of a human being to these factors might reasonably involve a knowledge that was within the sphere of the witnesses’ expertise and beyond the scope of the common knowledge of the jurors. On this basis we conclude that the trial court did not abuse its discretion in allowing the testimony in question^
The defendants next contend that the trial court erred in not directing a verdict in their favor. We find no merit to this contention, particularly in view of the fact that this case was tried under the doctrine of comparative negligence. For the trial court to have directed a verdict, it *880 would have had to find that the plaintiffs negligence was 100% the cause of her accident, and that the defendants were not in any way negligent. We conclude that there was sufficient evidence for the jury to find that the defendants’ negligence contributed to the accident. Compare: First Arlington Investment Corp. v. McGuire, 311 So.2d 146 (Fla. 2d DCA 1975).
As their last point the defendants contend that the trial court erred in failing to submit a special verdict to determine the percentage of negligence of the plaintiff and the defendants. This issue has recently been resolved in Lawrence v. Florida East Coast Ry. Co., 346 So.2d 1012 (Fla.1977). The Supreme Court there held that special verdicts shall be required in all jury trials involving comparative negligence; however, this ruling was made prospective only and has no retroactive effect. Therefore the prior rule, allowing the trial court to exercise its discretion in requiring special verdicts, as authorized in Hoffman v. Jones, 280 So.2d 431, 439 (Fla.1973), is applicable.
The judgment is affirmed.