KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from a final judgment entered after a jury trial by the trial court in a personal injury action. We reverse.
Among the points raised by appellants on appeal is one which, in our opinion, requires reversal of the final judgment appealed. In this point, appellants contend that the trial court erred by granting appellee’s motion to exclude the testimony of their expert witness, a safety engineer, and by refusing to allow the expert to testify.
Our review of the record in this case leads us to the conclusion that it constituted reversible error for the trial court to exclude the testimony of appellants’ expert witness. The apparent basis of the trial court’s exclusion of the expert’s testimony was based upon the premise that because appellant could not testify as to which step on a stairway caused her to fall the expert could not testify as to the condition of the stairway. In our opinion the condition, etc., of the stairway was a proper subject upon which the expert could testify in this case, and that it was error for the trial court to exclude his testimony. See, e. g., Cromarty v. Ford Motor Company, 341 So.2d 507 (Fla.1976); Goldring v. Escapa, 338 So.2d 871 (Fla. 3d DCA 1976); Fletcher v. Petman Enterprises, Inc., 324 So.2d 135 (Fla. 3d DCA 1975); Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959), and Millar v. Tropical Gables Corp., 99 So.2d 589 (Fla. 3d DCA 1958). Accordingly, the final judgment appealed is reversed and the cause is remanded for a new trial.
Reversed and remanded.