DAUKSCH, Chief Judge.
The issue in this case is whether the trial judge properly excluded evidence relating to the responsibility on the part of the city for appellant’s injuries which occurred when the lid of a trash dumpster fell upon him. It was the city’s position that it was the manufacturer’s fault the lid struck the appellant, or that it was appellant’s fault himself. Appellant attempted to elicit testimony from an expert witness relating to “how this instability and unsafe condition could be corrected on this particular dumpster?” The trial judge did not permit this question to be answered because, he said, the city was not responsible for redesigning the dumpster. However, there was evidence the city knew this dumpster was particularly unsafe because the Public Works Superintendent, who was responsible for the maintenance and repair of these dumpsters, was told of the problem. In fact, he had warned his drivers that if a dumpster was seen in an up position it was hazardous and must be corrected. This was one of those up-position dumpsters.
The trial judge correctly charged the jury “The issues ... are whether the City of Mount Dora negligently failed to maintain the refuse containers in a reasonably safe condition .... ” Based upon the evidence and this charge he should have permitted the testimony regarding the city’s maintenance of a safe dumpster and any warnings that the city might have been bound to give. Redwing Carders, Inc. v. Watson, 341 So.2d 1049 (Fla. 4th DCA 1977).
The judgment is reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.