GUNTHER, Judge.
Plaintiff/Vega appeals a final judgment granting the City of Pompano Beach’s (City) renewed motion for summary judgment. We reverse.
In light of Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912 (Fla.1985), and Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla.1986), the trial court *533 erred in granting a summary judgment for the City based on a finding that plaintiffs claim was barred by sovereign immunity as a matter of law.
In the instant case, nineteen-year-old appellant/Juan Vega was rendered a quadriplegic when he swung from a rope swing hanging from a tree and fell into a canal. Vega admitted to using the rope swing almost every day for over two years prior to the accident. The rope swing was located on seven to eight acres of undeveloped property leased by the City from the State of Florida for twenty-five years. The lease required inspection and maintenance by the lessee. The City admitted it neither fenced in the property nor periodically inspected it, but the City had placed chopped-off telephone poles around the perimeter of the property to prevent vehicles from actually being driven onto the property. Although the City had previously placed “no trespassing” signs on the property, it is undisputed that there were no “no trespassing” signs there on the day of the accident. The City was aware that the property was customarily used by the public and it had received 269 complaints concerning the property. The City also admitted it had liability insurance of $11,250,000.
In Trianon Park, the supreme court stated that once a governmental entity takes control of property it has the same common law duty as a private person to properly maintain and operate the property. Trianon Park, 468 So.2d at 921. In the instant case, there remained factual disputes concerning the issue of whether the City had negligently breached the duty to maintain and operate the property. Therefore, the trial court erred in granting the City a summary judgment because there existed a genuine issue as to material facts. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Fla.R.Civ.P. 1.510(c).
Decisional law in effect at the time of the appeal governs the case even if there has been a change in the law since the time of trial. Lowe v. Price, 437 So.2d 142 (Fla.1983). Subsequent to the trial court’s entry of the summary judgment the supreme court issued the Avallone opinion and stated that there was no conflict between sections 286.28 and 768.28, Florida Statutes. Avallone, 493 So.2d at 1002. The Avallone court concluded that political subdivisions are authorized to purchase liability insurance pursuant to the conditions of sections 286.28(1) and 768.28(10), and that when liability insurance is purchased there will be no assertion of sovereign immunity up to the coverage limits of the policy regardless of whether such defense would be otherwise valid. These conclusions were then followed by the court’s precise holding that the purchase of tort liability insurance by a governmental entity, pursuant to section 286.28, Florida Statutes, constitutes a waiver of sovereign immunity up to the limits of insurance coverage and that this contingent waiver is independent of the general waiver in section 768.28, Florida Statutes. Avallone, 493 So.2d at 1004-06.
The City contends that Avallone does not cover municipalities since section 286.-28, Florida Statutes (1985), authorizing the purchase of liability insurance by political subdivisions specifically excludes incorporated cities. We disagree with this contention.
We recognize that Avallone does not specifically address the question of whether its holding would be applicable to cities, but the opinion gives some indication of the court’s attitude toward making a distinction between municipalities and counties. Within Avallone, the supreme court states that section 768.28 and Cauley v. City of Jacksonville, 403 So.2d 379, 387 (Fla.1981), abolished the distinction which once existed between municipalities and counties. Avallone, 493 So.2d at 1004-06. Furthermore, the court’s actual holding refers to “a governmental entity” which would seem to include municipalities and political subdivisions since it is a broader term than county or political subdivision. Therefore, the summary judgment for the City based on a finding that plaintiff’s claim was barred by sovereign immunity should not have been granted because the *534 City had purchased liability insurance thereby waiving sovereign immunity.
REVERSED AND REMANDED.
ANSTEAD and DELL, JJ., concur.