551 So.2d 594 (1989)
Juan VEGA, Appellant,
v.
CITY OF POMPANO BEACH, Appellee.
No. 87-3019.
District Court of Appeal of Florida, Fourth District.
November 8, 1989.
*595 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, Mark Epstein of Law Offices of Mark Gary Epstein, P.A., and Jack P. LaMarr, P.A., Fort Lauderdale, for appellant.
Larry Klein and Jane Kreusler-Walsh of Klein, Beranek & Walsh, P.A., West Palm Beach, and Solomon Murphy & Cote, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This is the second appearance here of this case, the court having reversed the trial court's award of summary final judgment in Vega v. City of Pompano Beach, 498 So.2d 532 (Fla. 4th DCA 1986).
Appellant contends that city officials were allowed to testify that the property in question did not qualify as a passive or active park. Appellant argues this issue became determinative of the duty appellee owed persons it knew were using the property. Therefore, appellant was entitled to refute that evidence with expert testimony.
At trial, appellant attempted to introduce expert testimony of Dr. Gabrielson and Mr. Ramos. Gabrielson is an expert in aquatic safety, sports and recreational facilities. Ramos is a civil engineer. Defense objected to these witnesses and argued that the experts' testimony was within the common knowledge of the jury. The trial court would not allow Gabrielson to render an opinion concerning certain deceptive factors present at the time of the accident. Those factors included the environment, the depth of the water, the rope, the type of swing and whether a typical person would understand those conditions to be dangerous. Gabrielson's testimony would have further explained what sort of dangers would be readily apparent and what factors make the conditions present a latent danger. The trial court found that these matters did not require expert opinion. The trial court reached a similar conclusion concerning Ramos' testimony.
As authority for his contention that the court's exclusion of his experts' testimony was erroneous, appellant cites Millar v. Tropical Gables Corp., 99 So.2d 589 (Fla. 3d DCA 1958), and Gifford v. Galaxie Homes of Tampa, Inc., 223 So.2d 108 (Fla. 2d DCA), cert. denied, 229 So.2d 869 (Fla. 1969) (trial court erred in excluding expert opinions concerning whether areas were constructed and maintained according to reasonable engineering safety standards). Appellant also relies on Sheckler v. City of Mount Dora, 395 So.2d 1188 (Fla. 5th DCA 1981) (error to exclude expert testimony on issue of design defect and whether city maintained a safe dumpster and warnings should have been given); Metropolitan Dade Co. v. St. Claire, 445 So.2d 614 (Fla. 3d DCA 1984) (expert's testimony on special responsibility of dog handler of attack trained dog admissible); Schwartz v. M.J.M. Corp., 368 So.2d 91 (Fla. 3d DCA 1979) (reversible error in excluding expert testimony concerning dangerous condition of stairway); School Board of Broward Co. v. Surette, 394 So.2d 147 (Fla. 4th DCA), pet. for review denied, 399 So.2d 1146 (Fla. 1981) (trial court properly admitted expert testimony concerning dangerous condition at school bus stop).
Appellee contends that the subject matter of appellant's experts' testimony was the existence of a hazardous condition on the property which was a subject easily understood by the average juror. Moreover, the trial court's ruling is irreversible absent abuse of discretion. As support, appellee cites Town of Palm Beach v. Palm Beach County, 460 So.2d 879 (Fla. 1984) and Buchman v. Seaboard Coast Line R.R., 381 So.2d 229 (Fla. 1980) (expert testimony must be beyond the common understanding of the average layman and assist trier of facts). Appellee contends that Reinhart v. Seaboard Coast Line R.R., 422 So.2d 41 (Fla. 2d DCA 1982), pet. for rev. denied, 431 So.2d 988 (Fla. 1983), is analogous. In Reinhart, the plaintiff was injured when the front wheel of her bicycle wedged in the flangeway between the railroad track and the pavement causing the bike to stop and suddenly throw her. The trial court denied appellant's proffer of expert testimony that the crossing was defective and the court of appeal affirmed and held:

*596 Appellees argue that some expert testimony was necessary to prove the existence of a hazardous condition at the crossing. However, Florida courts have held that the question of whether expert testimony is essential in proving a particular issue is determined by the issue involved. Alton Box Board Co. v. Pantya, 236 So.2d 452 (Fla. 1st DCA 1970). While desirable, expert testimony was not essential here. The facts testified to were not of such a nature as to require any special knowledge or experience in order for the jury to form its conclusions. Rather, the disputed issue of whether the crossing was defective and, if so, whether such defect caused appellant's injury, was within the ordinary understanding of a jury. See Johnson v. State, 393 So.2d 1069 (Fla. 1980). We must reject appellant's contention that the court erred in not allowing the witness she proffered as an expert to testify. Suffice it to say that there is considerable discretion vested in the trial court in determining the qualification of an expert and absent an abuse of that discretion an appellate court will not interfere. Johnson v. State. We find no such abuse here.
Id. at 44.
Likewise, in Sea Fresh Frozen Products, Inc. v. Abdin, 411 So.2d 218 (Fla. 5th DCA), rev. denied, 419 So.2d 1195 (Fla. 1982), the court held that slipperiness of algae on a boat dock was within the common knowledge of the jury. This court dealt with similar circumstances, to the present case, in Public Health Foundation for Cancer and Blood Pressure Research Inc. v. Cole, 352 So.2d 877 (Fla. 4th DCA 1977), cert. denied, 361 So.2d 834 (Fla. 1978), although the issue was the reverse of the one presented here.
In Cole, appellant was paralyzed when she dove into the water from a sea wall. The water was murky, there was a glare on it from the sun, it was low tide, the water was not moving and no warning signs were posted. The court allowed expert testimony and defendant appealed. This court concluded that the trial court did not abuse its discretion in admitting the expert testimony since weather conditions, the tide, the angle of the sun, the glare and other physical conditions in existence at the time of appellant's accident created a situation which was beyond the ordinary experience and understanding. The court concluded that the opinion testimony related to the deceptive quality of various factors that were present in the environment and the manner in which a person would react to these factors. Id. at 879. On the other hand, this court did not state whether it would have been error to exclude this testimony.
In addressing issues of this type, this court has held that the responsibility of determining the qualifications and range of subjects on which an expert may testify generally lies within the discretion of the court. Harrison Land Development Inc. v. R and H Holding Co., 518 So.2d 353 (Fla. 4th DCA 1987); Botte v. Pomeroy, 497 So.2d 1275 (Fla. 4th DCA 1986), rev. denied, 508 So.2d 15 (Fla. 1987). It is for this reason that we affirm, notwithstanding our awareness of the holding in Leonard by Leonard v. Pitstick Dairy Lake and Park Inc., 124 Ill. App.3d 580, 79 Ill.Dec. 740, 464 N.E.2d 644 (1984), cited by appellant as contrary authority.
In Leonard, appellant was injured as a result of a running dive into shallow water at the defendant's commercial lake. The jury rendered a verdict for the defendant. The issue on appeal was whether appellant's expert should have been allowed to testify as to whether it was unsafe to permit surface dives in the shallow water at the lake and what steps should have been taken by the defendant to prohibit the activity. The trial court concluded that the question did not require expertise. The appellate court reversed the trial court and held:
In the case at bar, the danger of diving head first into shallow water may seem at first glance to be a matter of common knowledge and understanding for which expert opinion is not needed. However, closer examination of the evidence indicates that the nature and extent of the danger of surface or horizontal diving by *597 teen-agers in all probability is not commonly understood, even by many adults of considerable experience. Neither the manager nor the owner of the beach operation realized the potential danger, particularly for young men of plaintiff's size and age. The jury was denied the assistance of the opinion(s) of expert(s) which would have clarified the principles of speed, motion, force, and trajectory involved when a diver enters the water and comes in contact with an immoveable barrier.
Id. 79 Ill.Dec. at 745, 464 N.E.2d at 649.
We feel it unnecessary to discuss the two remaining points.
GLICKSTEIN, J., concurs.
HERSEY, C.J., concurs in the result.
GUNTHER, J., dissents with opinion.
GUNTHER, Judge, dissenting.
I respectfully dissent. In my view, the final judgment should be reversed because the trial court erred in excluding the testimony of the plaintiff's expert witnesses, Dr. Gabrielson and Arnold Ramos. Contrary to the trial court's ruling, I believe that the matters about which the experts would testify were not within the common knowledge of the jury.
In light of the fact that the city was permitted to offer testimony that the property in question was not a passive or active park, I believe it was an abuse of discretion to deny the plaintiff the opportunity to refute this evidence. Since this evidence became determinative of the duty the city owed persons it knew were using the property, it was a critical issue for the plaintiff. In my view, whether the property in question is or is not a park was outside the common knowledge of the jury.
Dr. Gabrielson's opinion, concerning deceptive factors as described in the majority opinion, is likewise not within the common knowledge of the jury.
Accordingly, I believe the trial court abused its discretion in excluding the testimony and the matter should be reversed and remanded for a new trial.