PER CURIAM.
In the appeal of these consolidated cases, a dog-bite victim seeks reversal of a final judgment entered after a jury’s finding of no liability on the part of appellee dog owners. The dog owners cross-appeal the court’s subsequent denial of their motion to tax costs. Finding the trial court properly denied the plaintiff’s motion for a directed verdict as to liability, we affirm the trial court’s final judgment. Both the plaintiff’s provocation of the dog and the prominence and readability of the posted warning sign were questions properly to be determined by the triers of fact. Reed v. Bowen, 512 So.2d 198 (Fla.1987); Belcher Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla.1984). Further, we find no abuse of discretion in the trial court’s evidentiary admissions and exclusions. See Vega v. City of Pompano Beach, 551 So.2d 594 (Fla. 4th DCA 1989), review denied, 564 So.2d 490 (Fla.1990); Allen Morris Co. v. McNally, 305 So.2d 79, 80 (Fla. 3d DCA 1974).
On the defendants’ cross-appeal, we reverse the trial court’s order denying defendants’ motion to tax costs. That motion was denied on the grounds that the costs had already been paid by defendants’ insurance carrier. Subsequent to the trial court’s ruling on the motion, the Florida supreme court observed, in Aspen v. Bayless, 564 So.2d 1081 (Fla.1990), that costs may be properly recoverable by a prevailing party even though the costs are paid or advanced by the party’s insurance company.
Accordingly, the final judgment in defendants’ favor is affirmed. The order denying defendants’ motion to tax costs is re *286 versed and remanded for the determination of costs due the defendants.