Ms. Evett L. Simmons General Counsel, St. Lucie County- Fort Pierce Fire District Post Office Box 7817 Port St. Lucie, Florida 34985
Dear Ms. Simmons:
You ask substantially the following questions:
1. Do the provisions of section 768.28, Florida Statutes, apply to the St. Lucie County-Fort Pierce Fire Prevention and Control District?
2. What amount of liability insurance is the fire district required to carry?
In sum:
1. The St. Lucie County-Fort Pierce Fire Prevention and Control District, a special taxing district and public corporation created by special act, constitutes a "state agency or subdivision" for purposes of section 768.28, Florida Statutes.
2. The Florida Statutes do not specify the amount of liability insurance that the fire district must carry but rather authorize the district to self-insure, enter into risk management programs, and purchase liability insurance for whatever coverage it may choose in anticipation of any claim, judgment or claims bill it may be liable to pay.
Question One
The St. Lucie County-Fort Pierce Fire Prevention and Control District was created by chapter 59-1806, Laws of Florida, as a special taxing fire prevention and control district and public corporation.[1] The district is governed by a board of commissioners which is authorized to levy "a sufficient tax," not to exceed 8 mills, on all real and personal taxable property in the district to pay for the district's maintenance, operation and support.[2] The special assessment taxes for fire prevention, fire control and reduction of fire hazards "are special assessments for special or peculiar benefits accruing to the properties within the district. . . ."[3] From an examination of its enabling act, it appears that the St. Lucie County-Fort Pierce Fire Prevention and Control District constitutes an independent special district.[4]
Article X, section 13 of the Florida Constitution states that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." Section 768.28, Florida Statutes, provides a limited waiver of immunity for the state "and for its agencies or subdivisions" to the extent provided in the act. Subsection (1) of the statute provides in part:
"Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. . . ."
The waiver of immunity is limited to $100,000 on any claim or judgment by one person or $200,000 for all claims arising out of the same judgment or occurrence regardless of "whether or not the state or its agencies or subdivisions possessed sovereign immunity before July 1, 1974."[5]
"[S]tate agencies or subdivisions" are defined to include, among others, "the independent establishments of the state; . . . and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities."[6] This office has previously stated that special districts created pursuant to law or ordinance fall within the purview of the above definition.[7]
For example, in Attorney General Opinion 87-38, this office concluded that a special fire control district created by special act was a subdivision of the state for purposes of the waiver of sovereign immunity statute. Similarly, a fire control district established by special act as a special taxing district and public corporation would also appear to fall within the foregoing definition of "state agencies or subdivisions."
Accordingly, I am of the opinion that the St. Lucie County-Fort Pierce Fire Prevention and Control District is subject to the provisions of section 768.28, Florida Statutes.
Question Two
As noted in the previous question, the waiver of sovereign immunity is limited by section 768.28, Florida Statutes, to $100,000 on any claim or judgment by one person or $200,000 for all claims arising out of the same judgment or occurrence.[8]
Judgments may be claimed and rendered in excess of these amounts and may be paid up to $100,000 or $200,000 as the case may be. That portion of the judgment exceeding these amounts may be reported to the Legislature, but may be paid in whole or in part only by the Legislature through a claims bill.
Section 768.28(14)(a), Florida Statutes, authorizes the state and its agencies and subdivisions to self-insure, to enter into risk management programs, or to purchase liability insurance for whatever coverage they may choose, or to have any combination thereof, in anticipation of any claim, judgment or claims bill they may be liable to pay pursuant to the statute. State agencies and subdivisions, therefore, are authorized but not required to obtain insurance coverage in excess of the statutory limits of $100,000 or $200,000 in anticipation of a claims bill. By obtaining such coverage, however, a state agency or subdivision shall not be deemed to have waived any defense of sovereign immunity or to have increased the limits of its liability.[9]
Accordingly, while section 768.28, Florida Statutes, does not specify the amount of liability insurance a subdivision of the state must possess, it does authorize the state's subdivisions to self-insure, enter into risk management programs or purchase liability insurance for whatever coverage the subdivision may choose in anticipation of any claim, judgment or claims bill it may be liable to pay.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 59-1806, s. 2, at 3796, Laws of Florida (1959). An earlier district, the Fort Pierce-St. Lucie County Fire Control District, created by chapter 31239, Laws of Florida 1955, was repealed by chapter 59-1806, s. 1, Laws of Florida.
[2] See, Ch. 59-1806, s. 20, at 3800, Laws of Florida. And see, Ch. 83-510, s. 1, at 381, Laws of Florida (the district board of commissioners shall consist of seven members: two members elected by and from the St. Lucie Board of County Commissioners, two members elected by and from the Fort Pierce City Commission, two members elected by and from the Port St. Lucie City Council and one member appointed by the Governor).
[3] See, Ch. 59-1806, s. 22, at 3801, Laws of Florida, stating that the special taxes are special assessments for the special or peculiar benefits accruing to the properties within the district.
[4] See, s. 189.403(1) and (3), Fla. Stat. (1993), respectively defining "Special district" and "Independent special district."And see, the 1993 Official List of Special Districts, at 192, prepared by the Florida Department of Community Affairs pursuant to s. 189.4035, Fla. Stat. (1993), listing the St. Lucie County-Fort Pierce Fire Prevention and Control District as an independent special district.
[5] See, s. 768.28(5), Fla. Stat. (1993).
[6] See, s. 768.28(2), Fla. Stat. (1993).
[7] See, e.g., Op. Att'y Gen. Fla. 78-127 (1978) (Tampa Port Authority, created by special act, is within definitional purview and enacting terms of s. 768.28, Fla. Stat.); Op. Att'y Gen. Fla. 81-57 (1981) (Southwestern Palm Beach County Hospital District is a corporation primarily acting as an instrumentality of the county within the definitional purview of s. 768.28[2], Fla. Stat.); Op. Att'y Gen. Fla. 78-113 (1978) (East Beach Water Control District, a public corporation, is within the definitional purview of s.768.28, Fla. Stat.).
[8] Section 768.28(5), Fla. Stat. (1993).
[9] Id. Prior to the amendment of section 768.28(5), Florida Statutes, and the repeal of section 286.28, Florida Statutes (1975), by chapter 87-134, Laws of Florida, the Florida courts had held that the purchase of liability insurance waived sovereign immunity up to the limits of the subdivision's coverage by such insurance. See, Avallone v. Board of County Commissioners ofCitrus County, 493 So.2d 1002 (Fla. 1986), and Vega v. City ofPompano Beach, 498 So.2d 532 (Fla. 4th DCA 1986). And see, SchoolBoard of Orange County v. Coffey, 524 So.2d 1052, 1053 n. 1 (Fla. 5th DCA 1988), review denied, 534 So.2d 401 (Fla. 1988), which recognized that "[t]he legislature has repealed s. 286.28, which is the basis of the supreme court's finding of waiver in [Avallone] in favor of a new section 768.28(5) . . ."; and Ops. Att'y Gen. Fla. 89-63 (1989) and 93-34 (1993). Cf., MichiganMillers Mutual Insurance Company v. Bourke, 607 So.2d 418 (Fla. 1992).