695 So.2d 484 (1997)
Miriam HERNANDEZ, Appellant,
v.
HOME DEPOT U.S.A., INC., a foreign corporation, Appellee.
HOME DEPOT U.S.A., INC., a foreign corporation, Appellant,
v.
Miriam HERNANDEZ, Appellee.
Nos. 96-1790, 96-2907.
District Court of Appeal of Florida, Third District.
June 11, 1997.
*485 Miriam Hernandez, in proper person.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford and Shelley H. Leinicke and Samuel A. Coffey, Fort Lauderdale, for Home Depot, U.S.A., Inc.
Before SCHWARTZ, C.J., and JORGENSON and SORONDO, JJ.
SCHWARTZ, Chief Judge.
After a jury verdict for the defendant Home Depot in a premises liability case in which the plaintiff was allegedly injured when an open can of insecticide perched on a high shelf fell into her eyes, the trial judge first denied a timely filed motion for new trial. Subsequently, howeverpurportedly but unauthorizedly pursuant to an order of this court which relinquished jurisdiction in the appeal (case no. 96-1790) by the plaintiff from the ensuing adverse judgment for the purpose only of the lower court's consideration of a Rule 1.540 motion based on newly discovered evidence (of which there was none)the trial court in essence reconsidered the original motion and granted it. It is apparent that this order, now on review in case no. 96-2907, must be vacated as entered untimely and without jurisdiction. Volumes in Value, Inc. v. Buy Mail Int'l, Inc., 177 So.2d 511 (Fla. 3d DCA 1965); see Catsicas v. Catsicas, 669 So.2d 1126 (Fla. 4th DCA 1996); Hyster Co. v. Morales, 591 So.2d 1082 (Fla. 3d DCA 1991); DePadro v. Moore, 215 So.2d 27 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 748 (Fla.1969); Lee v. Elliott, 155 So.2d 169 (Fla. 3d DCA 1963).
Notwithstanding, upon consideration of the plaintiff's initial appeal, we reverse the defense judgment because, in essence, the trial judge should have granted the timely motion for new trial in the first place. We thus uphold his conclusion that a new trial is required in this case.
We do so because, in our (and, in the last analysis, his) view, the trial judge abused his discretion in excluding the patently helpful testimony of the plaintiff's expert safety consultant that, among other things, Home Depot's method of stacking the product did not "meet the general retail safety standards in the industry" and resulted in the maintenance of what was, in several respects, an "unsafe condition." Ploetz v. Big Discount Panel Ctr., 402 So.2d 64 (Fla. 4th DCA 1981); see State Farm Mut. Auto. Ins. Co. v. Miller, 688 So.2d 935 (Fla. 4th DCA 1996); Metropolitan Dade County v. St. Claire, 445 So.2d 614 (Fla. 3d DCA 1984); Sheckler v. City of Mt. Dora, 395 So.2d 1188 (Fla. 5th DCA 1981); Schwartz v. M.J.M. Corp., 368 So.2d 91 (Fla. 3d DCA 1979); Gifford v. Galaxie Homes of Tampa, Inc., 223 So.2d 108 (Fla. 2d DCA 1969), cert. denied, 229 So.2d 869 (Fla.1969); Millar v. Tropical Gables Corp., 99 So.2d 589 (Fla. 3d DCA 1958).
We are not uninfluenced by the fact that the error was unfairly exacerbated and compounded when, in final argument, defense counsel, who had succeeded in excluding this available and proffered evidence of his client's negligence, thenin what must be the ultimate gotchaismwhipsawed the plaintiff for not producing that very testimony. As quoted at page 432 of the record,[1] he said:
What is the evidence that we were negligent? What is the evidence that Home Depot did something or did not do something?
* * * * * *
Where is the evidence? Where is the proof that Home Depot should not have done that?
* * * * * *
Where is there any evidence that Home Depot was wrong; that they did something *486 bad? Where is the evidence? There's no evidence.
* * * * * *
So, again, you're faced with a lack of evidence.
Where is the evidence that Home Depot violated any standards?
In Bauta v. State, ___ So.2d ____, ____ [1997 WL 194122] (Fla. 3d DCA Case no. 95-387, opinion filed, April 23, 1997)[22 FLW D1020, D1021], we characterized just such an argument as "disingenuous" and "misleading," and in such cases as Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla.1979) and its progeny, we have repeatedly disapproved of the general approach to lawyering and litigation it represents. We do so again.
For these reasons, the order granting a new trial is vacated, the final judgment is reversed and the cause is remanded for a new trial.
Vacated, reversed and remanded.
NOTES
[1] It is difficult to understand why, in response to a direct inquiry on the matter at oral argument, counsel for Home Depot stated that these remarks were not in the record.