PER CURIAM.
The personal representative of Joseph Valdes’ estate appeals from an order of final summary judgment entered in favor of the Miami Herald Publishing Company. We affirm.
Joseph Valdes was killed when the motorcycle he was riding on Kendall Drive was struck by a car turning onto Kendall Drive from SW 109th Avenue. The driver of the car was also killed in the accident. An eyewitness to the accident stated that the driver of the car did not slow down as she approached the intersection, and that she did not stop at the stop sign that marked the intersection. At the intersection there were a number of newspaper vending machines, including one for the Miami Herald.
Valdes’ personal representative sued the publishers of the newspapers sold in the vending boxes located at the corner of Kendall Drive and SW 109th Avenue, alleging that the boxes were negligently placed so as to obstruct the drivers’ views of each other, and created a dangerous condition by being placed on the public right-of-way. There was no allegation that any of the boxes blocked a motorist’s view of the stop sign at the intersection. The Miami Herald Publishing Company (the Herald) moved for summary judgment on the ground although it owned the box itself, the distributor who sold the newspapers in the vending machine was an independent contractor. The Herald also moved for summary judgment on the ground that as a matter of law the placement of the box could not have been the proximate cause of the accident. The trial court granted the Herald’s motion on the independent contractor analysis; we affirm, but on a different basis.
Where a trial court reaches the correct result, the decision will be affirmed where the record reveals some other reason or basis to support it. See Farrey’s Wholesale Hardware Co. v. Hobesound Industrial Park, Inc., 719 So.2d 374, 375 (Fla. 3d DCA 1998). The issue of proximate cause generally presents a question of fact. However, “the question of proximate cause is one for the court where there is an active and efficient intervening cause.” National Airlines, Inc. v. Edwards, 336 So.2d 545, 547 (Fla.1976). Liability requires both causation-in-fact and proximate cause. See Stahl v. Metropolitan Dade County, 438 So.2d 14, 17 (Fla. 3d DCA 1983). The uncontroverted eyewitness testimony was that the driver of the *472 car that struck Valdes’ motorcycle proceeded into the intersection without stopping or even slowing down. There is no evidence, and indeed no allegation, that the driver’s view of the stop sign was obscured by the newspaper vending machines or by any other object. As a matter of law, none of the objects that was placed at the intersection was the cause in fact of Valdes’ accident and death.
AFFIRMED.