SCHWARTZ, Senior Judge.
 

 We find no reversible error in any of the points raised on this appeal from convictions of assault and aggravated assault, as lesser included offenses of aggravated assault on a law enforcement officer with a firearm and attempted first degree murder, respectively.
 

 While a portion of the prosecutor’s final argument may have been questionable under the “gotcha” theory stated in
 
 Garcia v. State,
 
 564 So.2d 124 (Fla.1990),
 
 Romero v. State,
 
 901 So.2d 260 (Fla. 4th DCA 2005), and
 
 Hernandez v. Home Depot U.S.A., Inc.,
 
 695 So.2d 484 (Fla. 3d DCA 1997),
 
 [1]
 
 we hold both that (1) because this argument was not raised in support of his motion for mistrial, it may not be successfully pursued on appeal,
 
 [2]
 
 see
 
 Craig v. State,
 
 510 So.2d 857, 864 (Fla.1987), and (2) the comment was in any case not so serious as to require granting a mistrial below, or a new trial here. See
 
 Williams v. State,
 
 744 So.2d 1103, 1107-08 (Fla. 3d DCA 1999) (“ ‘[Otherwise proper trials are not to be reversed merely because an ... analysis of a single statement reveals a defect in rhetoric. When, as in this case, it clearly appears that the defendant’s substantial rights were not affected, it is our duty to affirm. We do.’ ”) (quoting
 
 Henry v. State,
 
 290 So.2d 73, 75 (Fla. 2d DCA 1974)), review denied, 753 So.2d 567 (Fla.2000).
 

 Affirmed.
 

 [1]
 

 . After successfully moving during the trial to exclude as self-serving the defendant’s previous statement to a police officer, which was arguably consistent with his testimony at trial, the prosecutor referred in final argument to the possibility that, having sat through the trial and heard all the evidence, he had tailored his statement to the trial testimony.
 

 [2]
 

 . The objection raised by defendant’s counsel to the final argument did not refer to the prior exclusion of the defendant’s out-of-court statement, but merely made a (unjustified) claim that the argument somehow cast doubt on the defendant’s rights to be present at the trial and not to incriminate himself.