# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-314 & 3D15-2609
Lower Tribunal No. 13-18732

_____

**Lisa Arellano,**
Appellant,

vs.

**Broward K-9/Miami K-9 Services, Inc., etc.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Colson Hicks Eidson, and Deborah J. Gander, Maureen E. Lefebvre, W. Allen Bonner and Barbara A. Silverman, for appellant.

Banker Lopez Gassler, P.A., and Sarah Lahlou-Amine and Mark D. Tinker (Tampa), for appellee.

Before EMAS, FERNANDEZ and SCALES, JJ.

SCALES, J.

Appellant, plaintiff below, Lisa Arellano appeals the trial court's final summary judgment determining, as a matter of law, that Arellano's actions constituted a superseding, intervening cause, thereby precluding her statutory dog bite claim against appellee, defendant below, Broward K-9/Miami K-9 Services, Inc. ("K-9"). Arellano also appeals the trial court's cost judgment entered against her in favor of K-9. We reverse because Florida's dog bite statute imposes strict liability on dog owners, subject only to a plaintiff's comparative negligence, which in this case must be determined by the trier-of-fact.

### I. Facts[1]

K-9 supplied two guard dogs to a commercial business located in Miami, Florida. On a Monday morning, a K-9 employee came to the business to feed and tend to the dogs, and discovered that the dogs had escaped their fenced yard. Apparently, the business had been burglarized the night before and the chain-link fence cut, allowing the dogs to escape into Arellano's neighborhood.

Believing that the dogs belonged to one of Arellano's neighbors, Arellano fed and sheltered the dogs for about five days, taking steps to find the dogs' owner. Specifically, Arellano sent an e-mail to the neighborhood watch group, and contacted County Animal Services to inquire about reports of missing dogs.

---

[1] When reviewing a summary judgment, we view the facts in a light most favorable to Arellano, the non-moving party. Markowitz v. Helen Homes of Kendall Corp., 826 So. 2d 256, 259 (Fla. 2002).

Arellano had two pet dogs of her own. When Arellano allowed the guard dogs into her fenced yard, she made sure her own dogs remained inside her home. When Arellano arrived home from work each evening, she let her dogs out into her yard and secured the guard dogs in her laundry room. On October 21, 2011, the Friday following the guard dogs' escape, Arellano arrived home from work to find the guard dogs missing. She let her two dogs into her yard. The guard dogs soon returned to Arellano's home, one of them jumping the fence. Arellano managed to stow the two guard dogs in her laundry room, but they broke free and one of the guard dogs attacked one of Arellano's dogs in the yard. When Arellano went to intervene, the attacking guard dog bit Arellano and injured her big toe. An ambulance took Arellano to the hospital, while Animal Control took custody of the guard dogs. Eventually, Animal Control determined that K-9 owned the dogs.

Arellano brought this action, asserting a statutory damages claim for strict liability against K-9. Arellano's complaint requested a jury trial. The trial court entered summary judgment for K-9, determining, as a matter of law, that Arellano's actions, albeit well intentioned, constituted an "intervening, superseding proximate cause," thereby relieving K-9 from any liability to Arellano. The trial court also entered a $7,615.36 judgment taxing costs against Arellano. Arellano timely appealed both the summary judgment (case number 3D15-2609) and the

cost judgment (case number 3D16-314); we consolidated the appeals. We reverse both judgments.

**II. Analysis[2]**

Arellano's claim against K-9 is founded upon Florida's dog bite statute that reads, in relevant part, as follows:

> The owner of any dog that bites any person . . . is liable for damages suffered by persons bitten, regardless of the former viciousness of the dog or the owners' knowledge of such viciousness. However, any negligence on the part of the person bitten that is a proximate cause of the biting incident reduces the liability of the owner of the dog by the percentage that the bitten person's negligence contributed to the biting incident.

§ 767.04, Fla. Stat. (2011).

As is clear from the statute, a dog owner is strictly liable for the injuries caused by the dog's biting of someone; and that owner's liability is reduced only by the percentage of the injured party's comparative negligence that contributed to the incident.

In this case, the trial court essentially determined that Arellano's actions effectively dispossessed K-9 of ownership of the dogs, and broke the chain of proximate causation so as to relieve K-9 from the strict liability imposed by section 767.04. Put another way, the trial court concluded that K-9 established the

---

[2] We review a trial court's summary judgment de novo. Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000).

4

common law defense that Arellano's damages were caused by an intervening, superseding cause, rather than by any act or omission of K-9. Thus, the trial court determined, as a matter of law, that Arellano's actions as they related to the dogs reduced K-9's liability to zero.

The trial court, however, reversibly erred by removing this issue from the jury and determining it as a matter of law. German-American Lumber Co. v. Brock, 46 So. 740, 744 (Fla. 1908) ("If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law."); Plant v. Podesta, 579 So. 2d 285 (Fla. 3d DCA 1991). A jury might very well decide that Arellano's actions, in whole or in part, were a proximate cause of the incident, thereby reducing or even eliminating K-9's liability. In our view, the statute plainly contemplates the role of the jury in making this call based on the facts and circumstances of the case.

We are mindful that, in a common law negligence action, summary judgment is appropriate when the undisputed facts conclusively establish that an intervening, superseding event – rather than a tortfeasor's negligence – caused the plaintiff's damages. See, e.g., Valdes v. Miami Herald Publ'g Co., 782 So. 2d 470, 471 (Fla. 3d DCA 2001). Arellano's claim, however, is not one sounding in negligence; her claim is founded upon section 767.04, which effects the legislative

5

purpose of imposing on a dog owner strict liability for dog bite damages. The statute prescribes a limited exception to such strict liability: the plaintiff's comparative negligence.[3] Whether and to what extent a plaintiff is comparatively negligent for her own injuries generally is a fact question for the jury. Goldberg v. McCabe, 313 So. 2d 47 (Fla. 3d DCA 1975).

### III. Conclusion

Genuine issues of material fact exist as to whether, and to what extent, K-9's liability for Arellano's injuries should be reduced because of Arellano's actions. We reverse the trial court's final summary judgment determining that, as a matter of law, Arellano's actions reduced to zero K-9's liability. Therefore, we also reverse the resulting cost judgment in K-9's favor. We remand the case to the trial court for proceedings consistent herewith.

Reversed and remanded.

---

[3] The statute provides another limited exception when the dog bite occurs on the owner's private property and the owner has posted a "Bad Dog" sign. § 767.04, Fla. Stat. (2011). We reject K-9's suggestion that this exception is somehow applicable to this case.