# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0478
Lower Tribunal No. 2021CA-001552-0000-00

_____

DIVERSIFIED LAND MANAGEMENT, LLC,

Appellant,

v.

LUIS A. AGOSTO and MELISSA ALICEA,

Appellees.

_____

Appeal from the Circuit Court for Polk County.
Wayne M. Durden, Judge.

March 20, 2026

NARDELLA, J.

This case stems from an incident where Luis A. Agosto ("Mr. Agosto") severely burned himself while trying to extinguish a cooking oil fire in his home—a home he rented from Diversified Land Management, LLC ("Diversified"). Diversified appeals the denial of its motion for directed verdict on the issue of proximate causation. Because Mr. Agosto did not present sufficient evidence establishing that the absence of smoke detectors in the home was a proximate cause of his injuries, we reverse the trial court's denial of Diversified's motion for directed verdict and remand for entry of a directed verdict for Diversified.

## Background

Alleging that the absence of smoke detectors in the residence caused his injury, Mr. Agosto sued Diversified, his landlord, for negligence, claiming that smoke detectors would have alerted him to the smoking oil with sufficient time to prevent it from spontaneously combusting.[1]  This is the theory he presented to the jury.

At trial, Mr. Agosto testified that he returned home from work one summer evening and began cooking dinner for himself, as he was the only one at home.  He filled a pot with cooking oil, put the pot on the stove, and turned the burner to a medium-high heat.

As the oil was warming, Mr. Agosto looked out the kitchen window and noticed it was drizzling.  When it began to rain "a little harder," Mr. Agosto went outside, using the kitchen door he left "halfway open," to place a tarp over his dog's cage and kennel.  The cage and kennel were located on the ground next to the porch—around twenty-six (26) feet away from the stove where the pot of oil was warming.

Mr. Agosto believes he was outside for about ten minutes placing tarps on the cage and kennel.  As Mr. Agosto finished outside, he looked towards the kitchen and saw smoke coming out the kitchen door.  He ran back to the kitchen and found the

---

[1] Mr. Agosto's wife, Melissa Alicea, asserted a claim for loss of consortium, which the jury rejected and she did not appeal.

pot of oil on fire, with flames a couple of feet high. Although the fire was contained, Mr. Agosto panicked, fearing he could lose his home. He went over to the flaming pot, which had a long handle, took it by the handle, and placed it in the metal, kitchen sink.

There he expected the fire to extinguish, but instead the flames began melting the blinds above. In response, he turned the faucet on, causing an explosion of burning oil that landed on and severely burned his skin. The fire, though, continued, so he picked the pot up by the handle, took it outside, and threw it on the ground.

At trial, Mr. Agosto called a fire expert, Chief Joseph Fleming, who explained to the jury that warming cooking oil will smoke for several minutes before it spontaneously ignites. Had a smoke detector been installed in the living room adjacent to the kitchen, Chief Fleming opined that the smoke from the warming oil would have triggered the smoke detector around two-and-a-half to five minutes before the cooking oil ignited.[2] But he did not opine whether Mr. Agosto would have heard that alarm.

While Chief Fleming was prohibited by a pretrial ruling from addressing Mr. Agosto's ability to hear a smoke alarm outside, he was allowed to address industry standards about the audibility of smoke alarms. He explained those standards

---

[2] Chief Fleming explained that there was no need for a smoke detector in the kitchen because it would have caused false alarms. However, he opined that there should have been a smoke detector in the living room adjacent to the kitchen.

require smoke alarms to provide 85 decibels of noise 10 feet from the smoke detector. For every additional 10 feet you move away from the smoke detector the alarm's sound will drop by 10 decibels.[3] To demonstrate how loud a standard residential smoke detector is, Chief Fleming set a residential smoke detector off in the courtroom for the jury to hear.[4] Chief Fleming testified that he was unaware of any studies that "measured the audibility of a smoke detector alarm to someone outside of a house." He also testified that a smoke alarm is "not meant to overcome environmental noise." So he explained that if a person is exposed to environmental noise louder than the noise from a nearby smoke alarm, that person will not hear the smoke alarm.

Due to this deficiency, Diversified sought a directed verdict at the end of Mr. Agosto's case, asserting, among other things, that Mr. Agosto failed to carry his burden on the issue of proximate cause because the evidence fell short of establishing a reasonable inference that he would have heard the smoke alarm while he was outside in the rain placing a tarp over his dog's cage and kennel. Agreeing with Diversified on this ground, we do not reach the other grounds raised on appeal.[5]

---

[3] No evidence was presented that would help the jury understand in a practical sense the volume accompanying each decibel level.

[4] It is unclear from the record how far the jury was away from the smoke detector during the in-court demonstration.

[5] The Court reviews a trial court's ruling on a motion for directed verdict de novo. *Lancheros v. Burke*, 375 So. 3d 927, 929 (Fla. 6th DCA 2023) (citing *United*

4

**<u>Applicable Law</u>**

"To maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." *Fla. Dept. of Corr. v. Abril*, 969 So. 2d 201, 204 (Fla. 2007) (citing *Clampitt v. D.J. Spencer Sales*, 786 So. 2d 570, 573 (Fla. 2001)). As to causation, "Florida courts follow the more likely than not standard of causation and require proof that the negligence probably caused the plaintiff's injury." *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015, 1018 (Fla. 1984).

> [A plaintiff] must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

*Id.* (quoting William L. Prosser, *The Law of Torts* § 41 (4th ed. 1971)).

---

*Servs. Auto. Ass'n v. Rey*, 313 So. 3d 698, 702 (Fla. 2d DCA 2020)). In doing so, we apply the same standard as the trial court, which admits the truth of all the facts stated in the evidence presented and admits every conclusion favorable to the nonmoving party that a jury might *reasonably infer from that evidence. State Farm Fla. Ins. v. Feltes*, 398 So. 3d 561, 563 n.3 (Fla. 6th DCA 2024) (citing *CDS Holdings I, Inc. v. Corp. Co. of Miami*, 944 So. 2d 440, 443 (Fla. 3d DCA 2006)). "A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party." *Sims v. Cristinzio*, 898 So. 2d 1004, 1005 (Fla. 2d DCA 2005) (citing *Goolsby v. Qazi*, 847 So. 2d 1001, 1002 (Fla. 5th DCA 2003); *Williamson v. Superior Ins. Co.*, 746 So. 2d 483, 485 (Fla. 2d DCA 1999)).

## Analysis

To prove Diversified's failure to install smoke detectors was a proximate cause of his injuries, Mr. Agosto had to establish that he would have heard the smoke alarm. Had he been inside the home, then the evidence offered would likely have been enough. But he was not inside. He was outside, a little more than twenty-six (26) feet away from where the smoke detector should have been placed in the house, all the while being pelted by rain while placing a tarp over his dog's cage and kennel.

Under these facts, the argument that Mr. Agosto would have heard the smoke alarm is pure speculation. Chief Fleming could not testify to what Mr. Agosto might have heard and when he would have heard it. What he did testify to, though, highlights the speculative nature of Mr. Agosto's claim that he would have heard the smoke alarm somewhere outside in the rain. Chief Fleming testified that he was unaware of any studies measuring "the audibility of a smoke alarm to someone outside of a house" and that smoke detectors were not meant to overcome environmental noise, which unquestionably existed while Mr. Agosto struggled to place the tarp on a cage and kennel during a rainstorm.

Despite Chief Fleming's testimony, Mr. Agosto maintains that the jury could reasonably infer that he would have heard the alarm while he was outside based on an in-court demonstration, the jurors' own common sense and experience, and the absence of any hearing deficits. "To be considered as evidence inferences drawn from admitted or proven facts must logically flow from the facts so admitted or

6

proved." *Miller v. State*, 75 So. 2d 312, 315 (Fla. 1954). "It is only those inferences that naturally, logically and lawfully flow from an admitted or proven fact that should ever be considered in the category of evidence on the basis of which judgments of courts must rest." *Id*. First, setting a smoke detector off in a courtroom, an unknown distance away from the jury, does not come close to approximating the situation Mr. Agosto was in outside in his yard placing tarps in the rain. Said another way, the inside demonstration with no other competing noise could not support a reasonable inference that outside, and in rain, Mr. Agosto would have heard the alarm. Second, to say that the jurors could rely on their common sense and experience to determine whether Mr. Agosto would have heard the smoke alarm is a bridge too far. Neither reason nor evidence presented at trial suggests that this is an ordinary experience. *See Pub. Health Found. for Cancer & Blood Pressure Rsch., Inc. v. Cole*, 352 So. 2d 877, 879 (Fla. 4th DCA 1977) (explaining trial court did not abuse its discretion in admitting expert testimony about "the deceptive quality of various factors that were present in the environment and the manner in which a person would react to these factors" because it created a situation beyond the ordinary experience and understanding of the jury). Finally, the fact that Mr. Agosto has no hearing issues does not support a reasonable inference that he would have heard the smoke alarm because that fact does not mitigate the undisputed impediments to his ability to hear the alarm—his distance from the location where the smoke detector should have been placed, the partially opened door, his location

7

outside the home, and the environmental noise created by the rain and his effort to place a tarp on his dog's cage and kennel. Thus, we find the inference Mr. Agosto sought the jury to draw from these points—that he would have heard the smoke alarm outside—does not naturally or logically flow from this evidence and, thus, the record lacked sufficient evidence from which the jury could reasonably infer that Mr. Agosto would have heard the smoke alarm while he was outside.

In sum, while many cases must be resolved by a jury, there are those, such as this one, which are appropriately determined as a matter of law because the evidence presented evinces, at most, a mere possibility of causation. Following the principles set forth in *Gooding*, this Court reverses and remands with directions to enter a directed verdict for Diversified.

REVERSED and REMANDED with directions.

TRAVER, C.J, and PRATT, J., concur.
NARDELLA, J., concurs specially, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED.
_____

NARDELLA, J., concurring specially.

There is a missing link in causal connection between Diversified's conduct and Mr. Agosto's resulting injury. But there are other problems with the theory of liability advanced by Mr. Agosto, the deepest of which is this: culpability under this

8

theory is greater than the intended purpose of the absent instrument Diversified is being held responsible for not installing as required by Florida statute. *Cf. Moore v. PaineWebber, Inc.*, 189 F.3d 165, 179–80 (2d Cir. 1999) (Calabresi, J. concurring) (explaining that where the defendant's behavior is made actionable by a statute, it must of course be the statute that defines the extent of his liability); *see generally* § 83.51(2)(b), Fla. Stat. (requiring landlord of single-family home to "install working smoke detection devices"). Mr. Agosto seeks to hold Diversified liable for failing to install a working smoke detector. Fatal again is Mr. Agosto's own expert's testimony that the purpose of the smoke detector is to warn a class of people to whom Mr. Agosto does not belong to, i.e. people inside a structure. *See McCain v. Fla. Power Corp.*, 593 So. 2d 500, 504 (Fla. 1992) (explaining that duty owed is proportionate to risk created); *cf. Abrahams v. Young & Rubicam Inc.*, 79 F.3d 234, 237 (2d Cir. 1996) (explaining that causation language has been used to ask whether the plaintiff is in the category of people meant by the statute to be safeguarded, and also to ask whether the harm which resulted was that which the statute meant to avoid).

Here, what may be incidental—hearing the smoke alarm while outside—and what is intended—warning people inside—are different. Even assuming the smoke alarm inside the home would have alerted Mr. Agosto outside the home, does not change the undisputed evidence of the absent instrument's intended purpose. It is undisputed in this case that the purpose of the smoke alarm is to alert people inside

9

the home to a potential danger. According to Mr. Agosto's own expert, the decibel level was selected for that sole purpose and the possibility that it might have the incidental effect of alerting people outside the home, had, to the expert's knowledge, never been studied. A theory of liability built on such a flawed foundation should have been decided as a matter of law well before it ever reached a jury.

_____

Jack R. Reiter and Jonathan L. Gaines, of GrayRobinson, P.A., Miami for Appellant.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellees.